Chittenden,
December,
1826.
BERTRAM R. NICHOLS VS. SAMUEL HOLGATE, JR. and AMASA I.
BROWN.---*IN CHANCERY.*

In a suit between the assignee of a mortgage and the grantee of the equitable estate, to foreclose the mortgage---*Held*, That the maker of the notes secured by such mortgage, and who was also the mortgager, was a competent witness to prove, that the consideration of the notes was usurious.

*Held*, also, that the fact, that the mortgagee had, after granting the equitable estate, attached the same on mesne process, as the property of his grantee, and on which process a suit was still pending in a court of law, did not create in him an interest affecting his competency as such witness.

*Dictum.*---Proof of the admission of a *party*, as to the interest of his witness, is proper evidence, but his right to the testimony of the witness cannot be defeated by the declarations of the latter.

One attaching estate on mesne process, which is incumbered by mortgage, does not by such attachment, (before judgment,) acquire any interest in the estate, which the mortgagee is bound to notice. And if the mortgagee make him a defendant in a bill to foreclose the equity of redemption, he will be dismissed, with judgment for his costs.

THIS was a bill in Chancery, to foreclose the equity of redemption in certain lands in Milton. The case was, one *Edmund Lamb, Jr.* gave to *Phelps Smith* a mortgage of the land in question, dated the 14th of October, 1818, to secure two notes of the same date; the first for $54,45, payable in one year, and the other for $357,02, payable in two years from the date.

*Phelps Smith* gave a deed of assignment to *Bertram R. Nichols*, dated 20th September, 1819.

*Edmund Lamb, Jr.* deeded to *Samuel Holgate, Jr.* the 22d of December, 1818. *Amasa I. Brown* attached the same land by two writs of attachment against *Samuel Holgate, Jr.* on the 30th August, 1819; which actions are now pending in Franklin county court.

The defendant, *Holgate*, alleged usury in his answer, and the orator traversed the answer.

To prove the usury, *Holgate* took, among others, the deposition of the said *Edmund Lamb, Jr.*

To the reading of the evidence of *Lamb*, the orator objected,

1. Because he is not competent to invalidate his own instrument.

To this point, the counsel for the orator cited 6 *Mass.* 449, *Widgery* vs. *Monroe.*----1 *Term*, 300, *Walton* vs. *Shelly.*-----1 *N. Y. Dig.* 441, Sec. 430.-----*Ibid.* 424, Sec. 274.----14 *Johns. R.* 270.----4 *Mass. Rep.* 162, *Churchill* vs. *Seeton.*

2. It was objected, that the testimony of *Lamb* ought to be excluded, on the ground of interest in the witness. That *Lamb* had sold the mortgaged premises to *Holgate*, for the sum of $1800, and the amount of these notes were deducted from that sum, and left for *Holgate* to pay to *Smith*; and it was insisted, that if *Lamb* could lessen that sum, it laid a foundation for an equitable action in his favour against *Holgate*, for the same amount.

It appeared also, that *Lamb* had attached the same mortgaged premises on a writ in his favour against Holgate, expect-

Chittenden,
December,
1826.

Nichols
vs.
Holgate,
et al.

ing to hold, subject to the mortgage from himself to *Smith:* and it was insisted, that he therefore had an interest in lessening the amount of that mortgage.

*Thompson*, for the defendants, in answer to the first objection, insisted that it was not supported by authority or principle. That the first, and indeed the only direct English authority, is the case of *Walton* vs. *Shelly ;* and this case was not only unsupported by precedent, but was in principle, in direct contradiction to the case of *Abrahams* vs. *Bunn*, 4 *Burr*. 2251. It is virtually contradicted by the case of *Bent* vs. *Baker*, 3 *Term Rep*. 32, and wholly so, by the case of *Jordaine* vs. *Lashbrook*, 7 *T. Rep*. 601.

That the practice at *Nisi Prius* had been a uniform denial of the doctrine. [1 *Esp. Rep.* 298.----4 *Taunt. Rep.* 464.----5 *Esp. Rep.* 119.----13*East's Rep.* 175.----1 *Esp. Cas.* 176.----1 *Campb.* 177, 180.

To the second objection it was answered, that whatever interest *Lamb* may have in defeating the notes to the orator, that interest cannot be affected by the event of this suit, because, should the orator fail to recover, he may still pursue his remedy on the notes against *Lamb*, and the judgment in this suit would be no bar to a recovery.

That *Holgate*, having discharged *Lamb* from his liability on his covenants in the deed, is left to meet the incumbrance in his own way, without subjecting himself to any claim on the part of *Lamb*, in case he is successful in the present defence.

The opinion of the court was pronounced by

SKINNER, *Chancellor.* The testimony of *Lamb* is conclusive as to the usury, and the only material question in the case, is whether he is a competent witness. The orator insists, that his deposition ought to be suppressed, upon the ground of interest, and also upon the ground of policy, he having endorsed the note described in the bill, to the orator.

It is admitted, that *Lamb*, after having mortgaged the premises to *Smith*, the assignor of the orator, conveyed to *Holgate* for the consideration of 1800 dollars, from which was deducted the nominal sum of the incumbrance, viz. 411 dollars and it is urged, that if *Holgate* succeeds in reducing that sum, *Lamb* will be entitled to recover of him the amount of the reduction, but it is not perceived upon what principle such claim can be maintained.

It does not appear that *Lamb* was deceived ; on the contrary, he had a perfect knowledge of all the facts. As well might he set up a claim against *Holgate*, if *Nichols*, by reason of having lost, cancelled, or altered, the note, should fail to obtain a decree against him. Indeed, if *Lamb* has any interest, it is to fasten the whole sum upon *Holgate*, and thereby secure himself from any demand *Nichols* might otherwise be induced to make against him upon the notes.

Although an action will lie in favour of the orator against *Lamb* upon the notes, notwithstanding the foreclosure, the sug-

Chittenden,
December,
1826.

Nichols
vs.
Holgate,
et al.

gestion, that the decree in this case may be given in evidence, is not correct.    Lamb is a stranger to the bill, and his rights cannot be affected by the decree, should the whole sum of 411 dollars be here charged upon Holgate.

In an action against Lamb upon the notes, no one can doubt his right to set up the defence of usury, or any other proper matter, and it is a settled rule of law, that no judgment can be given in evidence, but such, whereof the benefit may be mutual.

It appears, that Lamb has upon mesne process against Holgate, attached the premises, and it is contended, that thereby he is interested.    Admitting the existence of a claim in his favour, the interest cannot be recognized in law, it is certainly contingent and very remote.    He may succeed in recovering a judgment, or he may not; he may take the estate in execution, or he may take other property, or the body; he may omit execution altogether, or Holgate may pay the debt.    But what is conclusive in the case is, that the attachment furnishes no evidence of any existing debt.

The delaration of Lamb, (as testified to by Davis,) that Holgate had agreed to give him security upon the land, if the incumbrance was cleared off, furnishes no evidence of interest; proof of the admission of the party, as to the interest of the witness, is proper evidence; but his right to the testimony of the witness cannot be defeated by declarations of the latter.

Upon the other point in the case it is urged, (principally on the authority of the case of Walton and Shelly, 1 T. R. 296,) that upon principles of publick policy, a party who has signed a note, deed, or other paper, shall be excluded from giving testimony to invalidate the instrument.    The question is, does the law regard such person as incompetent?    The causes for which a witness shall be excluded are very correctly stated by Lawrence, justice, in the case of Jordan vs. Lashbrook, 7 Term Rep. 601, in which he says, "I find no rule less comprehensive than this, that all persons are admissible witnesses, who have the use of their reason, and such religious belief as to feel the obligation of an oath, who have not been convicted of any infamous crime, and are not influenced by interest."    The case in which the rule contended for by the orator's counsel is to be found in that before named, viz. Walton vs. Shelly, and this has not been supported by later decisions.    It was overruled by the case already mentioned of Jordan vs. Lashbrook, and has never to our knowledge been sanctioned in this state.    In several recent cases in England, the courts recognize the admissibility of such witness.    In the case of Jones vs. Brook, 4 Taunt. 466, chief justice Mansfield says, that it is now the practice to receive persons, whose names are on bills of exchange as witnesses to impeach such bills.    The witness, it is true, was in that case held incompetent, but upon the ground of interest, which was not balanced between the parties, the holder being entitled to recover the amount of the bill only, while the claim of the acceptor was for costs also, and all spe-

*Chittenden,*
*December,*
1826.

*Nichols*
*vs.*
*Holgate,*
*et al.*

cial damage. We believe, with a view to the exclusion of testimony, there is no sound principle of policy that requires the recognition of additional causes. That by the application of the rules already adopted, more evil is experienced from shutting out testimony entitled to credit, and approved by well balanced principles of policy, than would be prevented by seeking for new causes as a ground for excluding that which may be regarded as suspicious or opposed to some principles of morality or policy.

The usury must therefore be deducted from the notes and a decree against *Holgate* for the balance, the usual time for redemption being allowed ; and no costs will be allowed to either party. *Brown,* the other defendant, is entitled to full costs, in as much as he acquired no interest in the premises by the attachment which the mortgagee was bound to notice.