## GEORGE B. CHANDLER *vs.* GEORGE M. MASON.

Information given in good faith to a party litigant, and disclosing the names of important witnesses in his suit, may be a good consideration for a note.

The endorsee of a note, void in its creation, may recover of the endorser without proving a demand of the maker.

But if the endorsee would excuse his neglect to make demand of the maker, by showing the note to have been given without good consideration, he must prove the fact by such witnesses as would be competent to testify to the same fact in a suit against the maker.

This was an action of *assumpsit* brought by the plaintiff, as endorsee of a promissory note, against the defendant, as endorser. On trial in the county court the plaintiff, without proving, or offering to prove, that the note had been presented to the maker, *J. Brown*, for payment, or that *Brown* had refused to pay it, offered to prove a want of consideration in the note; to which the defendant objected ; but the court permited testimony to be given to the jury tending to prove that point. The plaintiff then offered to prove the same fact by said *Brown*. This was objected to by the defendant on the ground that *Brown* was not a competent witness to impeach the consideration. This objection was also overruled, and *Brown* testified that the only

CALEDONIA,
March,
1829.

Chandler
vs.
Mason.

consideration of the note was the disclosure by the said *Mason* of the names of two witnesses, viz. *Henry Jencks* and his wife, who, *Mason* said, were knowing certain facts, which it was important for *Brown* to prove in a chancery suit he was then carrying on against *Haydens & Culver*. The plaintiff then offered the deposition of said *Henry Jencks*, which tended to show that neither he nor his wife knew any thing about the facts represented by *Mason* to be within his knowledge, But no other evidence was offered to show that *Jencks'* wife did not know the aforesaid facts.

The court instructed the jury that upon the testimony, if believed, the plaintiff was entitled to a verdict. The jury accordingly returned a verdict for the plaintiff.

The defendant having excepted to the decisions and charge of the court, the case was removed to the Supreme Court on a motion for a new trial.

*Mr. Shaw, for the defendant*, contended—That the want of consideration in the note will not excuse the want of demand of payment of the maker, and notice back to the endorser ; and cited the following authorities. 2 *Stark. Ev.* 271.—*Smith et al.* vs. *Becket*, 13 *East*, 187, *note.*—*Free* vs. *Hawkins*, 1 *Hall's Cas.* 550.—*Nicholson* vs. *Gouthit*, 2 *H. Black. Rep.* 609.

That the maker of the note was not a competent witness to prove it to have been given without consideration ; and he cited the following authorities : 1 *T. Rep.* 296.—1 *Esp. Cas.* 298.—2 *Stark. Ev.* 298, *(note 2.)*—1 *N. H. Rep.* 60.—3 *Mass.* 27.—4 *id.* 156.—10 *id.*502.—17 *id.* 94.—3 *Johns. Cas.* 185.—2 *Johns. Rep.* 165.—15 *id.* 270.—2 *Dallas*, 194.—2 *Yeates*, 17.

The counsel also contended that the disclosure by the payee to the maker of the note of the name of *Mrs. Jencks*, as a witness, who could prove important facts in the suit *Brown* vs. *Haydens & Culver*, was a sufficient consideration for the note, and that the burden of proof, *that she knew nothing of the case*, rested upon the plaintiff. *Dickson* vs. *Evans*, 4 *T. Rep.* 57.

*Mr. Mattocks, for the plaintiff*, contended—That the endorsee in this case was like a drawer of a bill without effects, and was not entitled to notice. 1 *Wheat. N. P.* 255, 272, 284.—1 *Dane*, 395.—*Bickerdike* vs. *Bollman*, 1 *T. Rep.* 405.—*Goodale* vs. *Dolly*, *id.* 714.—*Rogers* vs. *Stevens*, 2, *id.* 717.—*Gale* vs. *Walsh*, 5 *id.* 239.—2 *Esp. R.* 515.—*Walwyn et al.* vs. *St. Quintin*, 1 *B. & P.* 652.—*Hammond et al.* vs. *Dupene*, 3 *Camp.* 145.—*Thacher* vs. *Blacket*, *id.* 163.—*Legg* vs. *Thorpe*, 2 *Camp.* 310.—*Cory et al.* vs. *Scott*, 3 *B. & A.* 619, *(5 Com. L. Rep.* 401.)—2 *Stark. Ev.* 261, 9.—4 *Cranch*, 160,

CALEDONIA,
March,
1829.

Chandler
vs.
Mason.

That the case of an endorsee is, at least, as strong for the plaintiff as that of a drawer. Hayden et al. vs. Adamson, 2 Burr. 676. That the case of endorsing a void note is stronger, for bills are often accepted for the honor of the drawer. But to sell a void note is *pure fraud*, and notice could be of no use. 2 H. Blk. Rep. 336.

That the maker of the note in this case is a competent witness to show that it was given without consideration. Jordaine vs. Lashbrooke, et al. 7 T. Rep. 601.—Rich vs. Topping, 1 Esp. N. P. Cas. 175.—Broad vs. Ackerman, 5 id. 119.—Adams vs. Lingard, Peake's cas. 117.—Jones vs. Brock, 4 Taunt. 464.— 2 Stark. Ev. 298, 299, 300.—1 Con. Rep. 260.—Sw. Ev. 96, 205.—Hubly vs. Brown, 16 Johns. 70.

He also insisted that the note was given without any legal consideration; and cited Chit. on Cont. 12, 175.—1 B. & A. 171. —5 M. & S. 156.—4 Moore, 300.

Near the close of the term the opinion of the Court was delivered by

HUTCHINSON, J.—The plaintiff, as endorsee of the note in question, claims to recover of the endorser, the present defendant, without showing any demand upon *Brown*, the maker of the note, for payment, or any refusal by him ; and, as is to be supposed from the case, without any notice to the endorser, that the note remained unpaid. He has attempted to excuse this neglect, by showing that the note was void in its creation for want of consideration : and has attempted to show this by the testimony of *Brown*, the maker. It appears by the case, if *Brown* gained credit, that the only consideration for the note of twenty dollars was the payee's informing *Brown* of two witnesses who, he said, knew, and could testify to, important facts in *Brown's* suit in chancery against *Haydens* and *Culver*. It is contended that this forms no good consideration ; *Jencks* having testified that neither he nor his wife knew any thing about said matters which *Brown* wanted to prove. On the contrary, the defendant urges the necessity of the plaintiff's producing also the testimony of *Jenck's* wife, to support the position he takes. The Court consider that such information, given in good faith, and furnishing *Brown* with important testimony in his suit then pending, might furnish a good consideration for the note ; especially when the witnesses named are third persons. If *Mason* had named himself and wife, it might be otherwise : for he ought not to be permitted to speculate upon his own testimony so as to profit by it in this way. But the plaintiff contends the witnesses knew nothing to the purpose. *Jencks* testifies that he knew nothing about the business, nor his wife neither. He can

CALEDONIA,
*March*,
1829.

Chandler
*vs.*
Mason.

swear as to his own knowledge, but not as to that of his wife. If it appeared by the case that the defendant had recovered in his chancery suit, by means of this disclosure of witnesses by *Mason*, whether the testimony came from them both, or only from one of them, the consideration might be considered good. But no such thing appears ; and it is no improbable conjecture, from what is stated, that *Brown* was in need of two witnesses to meet the answers of the respondents in his suit in Chancery ; and that one would answer no purpose whatever. In this view the proof was sufficiently extensive to establish, *prima facie*, the want of consideration. What opposite testimony might be in the power of the payee we cannot tell. The case mentions none on his part.

The next question proper to be considered is, the legal effect upon this suit of such want of consideration in the note, if supported by proof ? There can be no doubt, either upon principle or authority, but that the endorsee may forthwith sue the endorser, and recover, if he can clearly show the note thus endorsed to be a mere nullity, and the sale to him a fraud. In such a case he need not wait till the note becomes payable, nor demand payment, nor give notice back. But whether his action should be upon the endorsement in common form, is a matter of more doubt. He might declare for goods sold and delivered, or for money had and received, as the case might be, and it would be no defence for the endorser to say that he received the goods or the money in pay for a note thus endorsed, if, at the same trial, it should appear that the note was void. The *English* cases generally, when these questions arise, appear to contain the money counts. This, at least, is safe and proper. With these the endorsee needs no special count upon the endorsement, when he can show the note originally void.

Every case of this kind must rest, in some degree, upon its own circumstances. If the endorsee has kept the note till after it is payable, and then declares only in the special count upon the endorsement, which should contain an averment of demand and notice, or what is equivalent, a fruitless search to make demand and notice back, it would seem wide from the issue for the plaintiff to come in with such proof of fraud in the sale of the note as might entitle him to recover on the general counts. A doubt has been raised in the courts in *New-York* whether a declaration in common form upon an endorsement, averring demand and refusal, is supported by evidence of a fruitless search to make such demand. It was decided in the affirmative. Justice *Van Ness* was of a contrary opinion. See *Anthon's Nisi Prius*, p. 3d. and the notes appended. In the case before us, we have no copy of the decla-

CALEDONIA,
*March,*
1829.

Chandler
*vs.*
Mason.

ration, but we understand it contains only the special count upon the endorsement. As the plaintiff's testimony was objected to, *in toto,* this question is presented in the case; but as it has not been urged by counsel, we would not decide the case upon it without first soliciting argument. I am willing to say, for one, it presents no small difficulty. None of us however entertain any doubt but that the plaintiff, upon a proper declaration, and clearly establishing the fact that the note endorsed was without consideration and void, might recover of the defendant without showing a demand of the maker.

This leads to the question whether *Brown,* the maker of the note, was a competent witness for the plaintiff, under all the circumstances of this case, to prove the want of consideration?

There is no pretence that the decision of this action either way can directly affect *Brown's* interest. He is liable to pay nothing more than the note and interest; and he is at all events liable for so much, unless, when sued upon the note, he can furnish some defence without the aid of his own testimony. He undoubtedly feels a strong interest in the question when it shall arise in another form, but that, according to the settled law, only goes to his credit.

According to the decision of *Walton* vs. *Shelly* in 1 *Term Rep.* and numerous decisions in *Massachusetts* and *New-York,* (see 1 *Caines,* 270, *Baker* vs. *Arnold,* and *Anthon's Nisi Prius,* 7, *Cummings* vs. *Fisher,*) the witness would be excluded from testifying to that which would show the note originally void by his having signed his name to the note and given it a credit. Yet he would be admitted according to *Jordaine* vs. *Lashbrook,* 7 *Term Rep.* 601, overruling *Walton* vs. *Shelly,* and followed by numerous *Nisi Prius* decisions in *England,* and followed by this Court in the case of *Nichols* vs. *Holgate el al.* 2 *Aikens' Rep.* 138. We have had a sad comment upon that decision. *Lamb* had conveyed his equity of redemption to *Holgate,* deducting from the price the sum due upon the mortgage. On a bill to foreclose the equity of redemption, *Holgate* answered, setting up usury. His answer was traversed, and he produced the testimony of *Lamb* to prove the usury, on the authority of *Jordaine* vs. *Lashbrook et al.* and the after decisions in *England,* we admitted his testimony, and on the credit of it, deducted the usury, amounting to $200 or more. At the late term of this Court in *Chittenden* county we found a suit upon the notes included in said mortgage, in which *Lamb* had made a successful defence, before the county court, by pleading the said decree of foreclosure, and averring payment of the sum ascertained to be due on the foreclosure. The Court, on hearing the chancery suit,

CALEDONIA,
March,
1829.

Chandler
vs.
Mason.

considered that the decree could be no bar to an action upon the notes, and that *Lamb* was testifying against his own interest by diminishing the sum due upon the mortgage, and leaving the sum deducted to remain due from him on the notes; and, on this ground, considered it a strong case within the late decisions in *England*. But, if the decree in that case could have the effect *Lamb* contended for, when sued upon the notes, his testimony would have been wholly in favor of his own interest.

In this suit upon the notes against *Lamb*, we granted the plaintiff a new trial, following up the views the Court entertained when making the decree of foreclosure, and refusing to suffer *Lamb* to enjoy the benefit of a decree procured by his own testimony.—— [See 1 *Verm. Rep.* 395.]—Still we discover an injury that results from our deserting the principles in *Walton* vs. *Shelly*, and following those in *Jordaine* vs. *Lashbrook et al.* We see that the orator has lost his lien upon the land with regard to the sum called usurious, and must trust alone to *Lamb* for collection : which cannot be right if the money is due the orator, and we may well suppose it due, if the promissor can furnish no defence when sued upon his promise. I always considered [the case of *Walton* vs. *Shelly*, to exhibit the better law. But on the investigation of authorities adduced on the hearing of *Nichols* vs. *Holgate, et al.* I went with my brethren, considering that case overruled by *Jordaine* vs. *Lashbrook et al.* and that followed down to the present time. And I now perceive that *Starkie* considers it to be the settled law in *England,* that each man whose name is on negotiable paper, may testify in a suit to which he is not a party : nor does he confine it to cases where the facts to be proved arose after the paper had once possessed a legal existence. That such a witness is competent to show a note paid, though not so to prove it originally void, *see Anthon's N. P. p.* 9, *(note a) and the authorities there cited.*

I am not perfectly willing, in the absence of the Chief Justice, who delivered the opinion in the case of *Nichols* vs. *Holgate et al.* to go in direct opposition to the decision in that case. Though all my brethren who have heard the argument of this case are inclined against admitting a witness under like circumstances ; and I understand from Justice *Prentiss* that he has always inclined that way, and decided this case in the county court on the authority of the decision of *Nichols* vs. *Holgate et al.* I cannot but perceive a striking difference between admitting a witness who is interested in a similar question that may or may not arise, and one who is interested in the very question whenever it arises between new parties, the witness being one of them. It must, at least,

produce a different effect upon the credit of the witness ; and, if admitted to testify upon the broad basis laid down in *Jordaine* vs. *Lashbrook, et al.*, and in 2 *Starkie* 298–9 and 300, each of the persons whose name has given credit to the note, proving it void when the others are parties to the suit, it must operate a fraudulent injury somewhere in most of the cases. Each innocent endorser and endorsee acts upon the faith of all the names before on the bill or note, and, if one of these can be admitted to swear the note void in its creation, that destroys a portion of the security to which all have in good faith placed confidence. In every such case some person must be wrongfully injured, unless some one who endorsed knowing the circumstances which render the note void, proves able to pay the amount when called upon for that purpose.

It is also worthy of notice here that the decision in the case of *Walton* vs. *Shelly* rests on the broad basis of fair deal among men, which is the best support of the credit of negotiable paper : while the decision in the case of *Jordaine* vs. *Lashbrook et al.* rests on the more limited policy of preventing evasions of the stampt act. This last seems to have been generally followed at *Nisi Prius* in *England* without stirring the question at law.

In the case of *Buckland* vs. *Tankard*, 5 *Term. Rep.* 578, which was before that of *Jordaine* vs. *Lashbrook et al.* one *Gregson* drew the bill in question on *Tankard*, payable to his own order, and by him endorsed blank. *Tankard*, having first released *Gregson*, offered him as a witness to prove that the plaintiff had no interest in the note, but that it was delivered him by the witness thus endorsed, to enable him to receive the money for the witness. *Gregson* was excluded on the ground of interest ; *Grose*, Justice, adding as a reason, his name's being on the negotiable paper. In *Copp* vs. *M'Dugall*, 9 *Mass. Rep.* 1, the plaintiff recovered of the endorser without proving demand on the maker ; that is, without a seasonable demand and notice : for he had sued the maker and failed to recover, and had at some time given notice to the endorser of non payment ; for what he said on the occasion was proved against him, in dispensing with a seasonable demand. But the maker of the note was not used as a witness.

In the case now under consideration several things concur which show it difficult to sustain the verdict. The plaintiff has declared upon the endorsement, merely ; has excused himself from proving any demand of the maker by proving the note to have been given without consideration ; and has proved that by the maker himself. It does not, it cannot, appear that *Brown*, the maker of the note, would have refused payment if de-

manded, or set up any defence, if sued upon the note. He could not have set up this defence, unless he could support it by other witnesses than himself. Should this verdict stand, the judgment upon it would revest the note in *Mason*, the endorser. He may sue the note and recover for aught that now appears, for *Brown* could not testify against him. In the mean time, *Brown* may have become insolvent, whereby *Mason* must lose the debt, in addition of paying the cost of this suit. Both which losses might have been prevented by such demand and notice as the law requires. *Mason*, if prudent, on receiving notice of nonpayment, could have paid the plaintiff and sued *Brown* himself; or agreed with the plaintiff for him to sue *Brown*, instead of pursuing the defendant as endorser. It does appear to me, that, if the plaintiff will excuse his neglect to call upon the maker of the note by proving it originally void, he must prove that fact by such witnesses as would be competent to testify to the same fact in a suit against the maker.

We are all agreed in reversing the judgment of the county court, and granting a new trial in the action.

After the above judgment was announced, the plaintiff's counsel moved for leave to amend the declaration, by adding the general counts applicable to the case, which was granted upon their entering into a rule, that, if the plaintiff should finally recover on the new counts, and not on the old one, he should recover no cost that has hitherto accrued, and shall also pay the defendant his back cost.

New trial granted.

*J. Mattocks*, for plaintiff,
*Geo. B. Shaw*, for defendant.