## HOLMES *vs.* KNIGHTS.

Where the defendant requested the plaintiff to become surety for the appearance of a third person, charged with the commission of an offence, and promised to indemnify him from all damages and costs—*Held* that the case was not within the statute of frauds, and that the promise need not be in writing.

ASSUMPSIT, upon a promise to indemnify the plaintiff on account of his entering into a recognizance for the appearance of one S. B. Webster, on the special request of the defendant.

The case was submitted to the determination of the court upon a statement of facts.

At the November term, in 1833, said S. B. Webster was ordered to recognize, with two sureties, in the sum of three hundred dollars, for his appearance at the next term, on a

charge of passing counterfeit money; and the defendant applied to the plaintiff to become one of the sureties for Webster, and promised the plaintiff that if he would become a surety, along with another person, he would indemnify and save him harmless from all costs, damage, trouble and expense, on account of such recognizance—that the plaintiff thereupon agreed to recognize, and did recognize as aforesaid; and Webster not making his appearance at the next term, according to the condition of his recognizance, the same was forfeited, and the plaintiff has since been compelled, on judgments rendered against him, to pay the sum of $166·75. The defendant's promise to indemnify was by parole, and not in writing.

*Rogers, & Quincy*, for the plaintiff.

*Bellows*, for the defendant.

PARKER, C. J.   It may well be doubted whether that part of the statute of frauds upon which the defence in this case is predicated, has not promoted more fraud than it has prevented.   Certain it is that it has given rise to many perplexing doubts; to much litigation; to nice distinctions; and to contradictory decisions.   It provides that no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default, or miscarriage of another person, unless the promise, or some note or memorandum of it, be in writing; and if it may be supposed that the construction of the clause has at last been settled, its application is still, in many instances, a matter not by any means free from difficulty.

In *Mawbray* vs. *Cunningham*, (*cited* 2 *D. & E.* 81, *and Cowp.* 228,) which seems to have been an action to recover the price of goods furnished to a third person, Lord Mansfield ruled that where the undertaking was before the delivery of the goods, and there was a direction, by the defend-

ant, to deliver the goods and he would see them paid for, the promise was not within the statute. Had this principle been adhered to it might have saved some of the litigation which has since arisen on this branch of the statute. It seems to have received the favorable consideration of Mr. Justice Buller, in *Matson* vs. *Wharam*, 2 *D. & E.* 81 ; but he admitted, in that case, that "the general line now taken is, that if the person for whose use the goods are furnished is liable at all, any other promise by a third person to pay that debt, must be in writing." And in *Jones* vs. *Cooper*, *Cowp.* 228, where the goods were delivered to one Smith, and the promise of the defendant was, "I will pay you if Smith does not," Mawbray *vs.* Cunningham, was overruled. Lord Mansfield afterwards said that before the case of Jones *vs.* Cooper, he "thought there was a solid distinction between an undertaking after credit given, and an original undertaking to pay ; and that in the latter case the surety, being the object of the confidence, was not within the statute ;" but he acquiesced in that decision. 3 *Douglass' R.* 15, *Peckham* vs. *Faria.*

Several subsequent decisions seem to have established the general principle, that if the party to whom goods are delivered, or for whose benefit a service is performed, incurs thereby a debt, so that he is liable at all, then the undertaking of any other, in aid of his liability and collateral to it, must be in writing, notwithstanding the collateral undertaking may have been, in fact, the principal inducement to the delivery of the goods, or the performance of the service. In other words ; if any credit is given to the party who receives the benefit, the undertaking of the other is collateral, and voidable unless it is in writing. 1 *Ld. Raym.* 224, *Watkins* vs. *Perkins ;* 2 *Ld. Raym.* 1085, *Buckmyr* vs. *Darnall ;* 1 *Salk.* 27, *S. C. ;* 1 *H. Black.* 120, *Anderson* vs. *Hayman ;* 1 *Starkie's R.* 270, *Barber* vs. *Fox ;* 2 *Stark. R.* 62, *Colman* vs. *Eyles ;* 8 *Johns. R.* 28, *Leonard* vs. *Vredenburg.*

It admits of question whether this principle has not, in its application, been carried too far, in some cases ; and whether

what was in truth, as between the parties, the collateral liability, has not, by means of it, in some instances been transformed into a principal liability, and the real principal debtor thereby discharged, through the operation of the statute.

But allowing it, in its broadest operation, does it appear, in this case, that Webster was liable to indemnify the plaintiff, and that the defendant's undertaking was collateral to that liability?

It is sometimes necessary, from the uncertainty of the evidence, to submit the question to a jury, to whom the original credit was given. 1 *B. & P.* 158, *Keate* vs. *Temple; Roberts on Frauds* 223; 2 *Car. & Pay.* 82, *Darnell* vs. *Tratt;* 1 *Saund.* 211, *a, note.* But we are of opinion that it is not necessary in this case.

From the facts stated there is no reason to suppose that Webster is liable, and the defendant's promise collateral to that liability. Where one requests another to become surety for him, and he does so upon that request, the law raises an implied promise to indemnify. But the case does not find that Webster requested the plaintiff to recognize for him, or that the plaintiff acted upon any such request. From the nature of the case, Webster must have assented that the plaintiff should become his surety; but mere assent, without any request or promise, and when there was a request by a third party, and an express promise by him to indemnify, is not sufficient to raise an implied promise. A declaration in favor of the plaintiff, against Webster, must have alleged that he became surety at his request, and on the request the promise to indemnify may be implied. But this case only finds that the defendant applied, and that he promised. If we may infer that Webster assented, we cannot infer any request by him. Of course we cannot find, nor could a jury on such evidence, any credit given to Webster, or any original liability on his part to which the defendant's engagement was collateral. In *Duncomb* vs. *Tickridge, Aleyn's R.* 94, Chief Justice Rolle directed the jury that if an infant comes

to a stranger, and boards with him, there is a contract in law implied that he should pay for his board as much as it is worth ; but if another undertakes to pay for his boarding, this express agreement takes away the implied contract.

The promise is to indemnify the plaintiff against the consequences of doing a certain act, performed at the request of the defendant. It is immaterial whether that act was done for the benefit of Webster, or of the defendant, if the promise was not collateral to any liability of Webster to the plaintiff. It has in terms no reference to any such liability. For aught which appears to the contrary, if Webster made any request, the plaintiff refused ; and if the defendant, upon that, made a request, with a promise to indemnify, upon which the plaintiff acted, the defendant's agreement would seem clearly to be an original and not a collateral undertaking, notwithstanding Webster must have assented. Webster in that case could not be held liable on the request he made, for that would not have been acted on, but rejected. The whole credit would have been given to the defendant. 1 *Esp. N. P. Rep.* 121, *Croft* vs. *Smallwood.*

We do not mean to be understood, however, that the promise of the defendant would be within the statute, had the case stated that Webster also requested the plaintiff to become surety for him. It is apparent that the plaintiff did not assume the liability upon the request of Webster, if one was made, but upon the request of the defendant, and upon his promise to indemnify ; and there are authorities showing that a promise to indemnify, in such case, is not within the statute.

In *Thomas* vs. *Cook*, 8 *Barn. & Cres.* 728, where A., at the request of B., entered into a bond with him and C., to indemnify D. against certain debts due from C. and D., and B. promised to save A. harmless from all loss by reason of the bond, it was held that this promise was binding, although not in writing. Mr. Justice Bayley said : " A promise to indemnify does not, as it appears to me, fall either within the words or the policy of the statute of frauds."

In *Chapin* vs. *Merrill*, 4 *Wend. R.* 657, it was held that a promise by one person to indemnify another for becoming a guarantee for a third, is not within the statute of frauds; that such promise need not be in writing; and that the assumption of the responsibility was a sufficient consideration for the promise. And in *Horn* vs. *Cross*, understood to have been decided in this county, several years since, the defendant, a deputy sheriff, having arrested a debtor, promised the plaintiff that if he would become bail for the debtor, he would indemnify him. It was held that the promise was valid without any writing.

The promise of the defendant is not to answer for the default of Webster, in not appearing according to the terms of the recognizance. That was the undertaking of the plaintiff, in the recognizance itself. Nor is it to answer for the default of Webster, in not indemnifying the plaintiff. It has no reference to any duty on the part of Webster to indemnify the plaintiff, in case he should make default. That duty the defendant took upon himself.

If Webster might also be liable, on an implied promise, because he also requested the plaintiff to become surety, the defendant's promise might, notwithstanding, be an original undertaking. 7 *Pick. R.* 220, *Swan* vs. *Nesmith;* 9 *Pick. R.* 306, *Towne* vs. *Grover.*

If the plaintiff in fact relied upon the request and promise of the defendant, and the credit was given to him, it would be according to the truth of the case to hold that the defendant's promise constituted an original liability; and if Webster was also liable, on an implied promise to indemnify, because he had requested the plaintiff to recognize as surety for his appearance, that liability might be held to be an independent original liability. If either was to be deemed collateral, the liability of Webster, in such case, would seem, in point of fact, to be collateral to that of the defendant. 12 *Mass. R.* 154, *Duval* vs. *Trask.*

*Judgment for the plaintiff.*