## SETH E. PECKER v. JOHN H. SAWYER.

*Promissory Note.    When indorser may testify.    Payment.*

The indorser of a promissory note is a competent witness to prove the note void in its inception, when he is not shown to be directly interested in the event of the suit.

Where there was an agreement between the parties to a promissory note at the time it was executed, that a book account, in favor of the maker and against the payee, should be applied in payment of the note upon settlement, and the amount due on book exceeded the amount due on the note at the time the note was indorsed, the fact being proved is a sufficient defense to a suit brought by an indorsee to recover the value of the note of the maker, when the note was indorsed over due.

The case *Nichols* v. *Holgate*, 2 Aiken 138, considered and confirmed.

ASSUMPSIT upon a promissory note for seventy dollars, dated at Concord, N. H., January 20, 1848, executed by the defendant and made payable to D. G. Fuller, agent, or order, on demand. Said note was indorsed by said Fuller to the plaintiff. Plea *non assumpsit* and notice of special matter, and trial by the court, January term, 1851.

On trial, the execution and indorsement of the note were conceded, and the defendant offered the deposition of D. G. Fuller, the original payee of the note, to show that the note was given at Concord, N. H., in payment for spirituous liquors sold to the defendant in 1848, contrary to the statute of New Hampshire; said Fuller having no license therefor. Said deposition also showed that at the time the note was given, there was a book account existing against said Fuller in said Sawyer's favor, and that said note was given with the understanding and expectation that whatever was found to be due said Sawyer from said Fuller, upon said account on settlement, should be deducted from the amount of said note ; that the amount of said account when ascertained was found to be nearly sufficient to balance said note, and that said account, together with certain sums paid said Fuller by said Sawyer before the transfer of the note, were more than sufficient to balance said note. The plaintiff objected to the admission of said deposition, on the ground that said Fuller, being an indorser of the note, was not a competent witness, or admissible in law, to testify to said note being bad in its inception or unavailable when indorsed by him.

The court admitted the deposition, and no other testimony was given.

The court held that said Fuller was not a competent witness to prove the note void in its inception, and rejected that part of his deposition which tended to show it so, and that his testimony was insufficient evidence of the statute of New Hampshire therein named. The court found as true, the other facts stated in the deposition, and rendered judgment for the plaintiff to recover eighty-five dollars and forty-eight cents damages, and his costs. Exceptions by defendants.

*R. McK. Ormsby* for defendant.

The court erred in deciding that the payee of the note, after its

indorsement by him, could not be a witness to show the note void in its inception. The early English case of *Walton* v. *Shelby*, was followed in this country, in early times, by several of the states; but English courts retracted from that doctrine, and New York has abandoned it. Connecticut and Vermont never adopted that rule. Massachusetts commenced under the Shelby rule, and still adheres to it. Sec. 2, Starkin on Ev. (5 Am. Ed.) 256 and 257 and *Notes*. *McFadder* v. *Maxwell*, 17 Johns. R. 188. *Nichols* v. *Holgate*, 2 Aik. 138. *Chandler* v. *Mason*, 2 Vt. 198.

The note was overdue, and the indorsee took it subject to all equities. *Britton* v. *Bishop*, 11 Vt. 70. *Walbridge* v. *Kibbee*, 20 Vt. 543.

The negotiation of the note under the circumstances, was a fraud upon the maker. This being shown, it was incumbent on the indorsee to show that he held it *bona fide*, and for a valuable consideration. *Vathier* v. *Zary*, Gratton's Virg. Rep. 246, (Law Mag. Vol. 3, No. 1, p. 75). *Heath* v. *Lawson & Evans*, 22 E. C. L. 78. 12 *id*. 285. Ch. on Bills 648, *id*. 69.

*C. B. Leslie* for plaintiff.

The plaintiff contends that, that part of David G. Fuller's deposition which was rejected by the county court, was properly rejected, for two reasons.

1. Because said Fuller, being the indorser of the note in suit, is not a competent witness for defendant to prove that said note was void in its inception. *Chandler* v. *Mason*, 2 Vt. 193. *Bank of U. S.* v. *Dunn*, 6 Peters R. 51. *Bank of the Metropolis* v. *Jones*, 8 *id*. 12. *U. States* v. *Leffler*, 11 *id*. 86. Greenleaf on Ev. Sec. 385 and Note 1.

2. Because it was also offered for the purpose of proving the statute law of New Hampshire, which can not be done by parol, and, therefore, was insufficient for that purpose. 1, Greenleaf on Ev. Sec. 489, *Woodbridge* v. *Austin*. 2, Tyler's Rep. 364, *Territt* v. *Woodruff*, 19 Vt. 182.

That part of said Fuller's deposition which was admitted by the county court, was offered for the purpose of proving a payment of the note in suit. The county court found the facts therein stated, to be true, but also found that the facts did not prove a payment. The decision of the county court upon this point is conclusive, and

will not be reviewed by this court. *Noble* v. *the Administrator of Jewell*, 2 D. Chap. Rep. 36. *Strong* v. *Barns*, 11 Vt. 221. But if the court are of opinion that this is a question of law, and will examine this part of the case, then I contend that the facts stated in that part of said deposition which was admitted and found to be true, by the county court, do not prove a payment of said note or any defense thereto. If they prove *anything*, it is, that at some time there were unsettled claims existing in favor of defendant Sawyer, against said Fuller, which, if the suit upon this note had been brought in the name of Fuller, might have been the subject of an offset.

BY THE COURT. The principal question in this case, arises upon the rejection of a portion of the deposition of David G. Fuller, the payee and indorser of the note. His testimony was offered by the defendant, to show the note void in its inception, as having been given on the sale of spirituous liquors in the state of New Hampshire, by this witness, and without any license therefor, such sale being unlawful under the laws of that state. This testimony was rejected by the court, as being incompetent to prove the note originally void.

It is not pretended that the witness has any interest in the event of this suit, or that he is otherwise incompetent, except from having indorsed, and thereby having become a party to the note. And upon the authority of *Walton* v. *Shelby*, 1 T. Rep. 269, and various other cases adopting the principle of that case, it is urged that his testimony for that purpose, should not be received, "on "the ground that no man shall be permitted to invalidate an in- "strument, by his testimony, to which he had set his hand." A different principle was afterwards adopted in England, by the cases of *Bent* v. *Baker*, 3 T. Rep. 27, and *Jordaine* v. *Lashbrook*, 7 T. Rep 601, in which it was held that witnesses so situated, were competent to testify in the case, though their relation to the note was a proper subject for consideration, as affecting their credibility. The principle of these cases respectively, has been too much the subject of investigation in the English courts, as well as this country, to render it necessary, or of practical importance, to enter into an investigation of the subject, any farther than to ascertain and state the general result of the authorities on this question.

Pecker *v.* Sawyer.

In England the question has been considered as settled by the case of *Jordaine* v. *Lashbrook*, and since that decision the rule has been uniform, " that the party to any instrument, whether nego-" tiable or not, is a competent witness to prove any fact to which " any other witness would be competent to testify, provided he is "not shown to be legally infamous, and is not directly interested in " the event of the suit," and this rule is of general application, except it be in the case of public officers, who are not permitted to falsify statements and certificates, given in their official capacity. 1 Phil. Evid. 42, and note 78. 1 Greenleaf Evid. § 384. In 2 Smith's notes to leading cases 50, margin, it is said, "that the "courts ever since the case of *Bent* v. *Baker*, have evinced a "laudable desire to let in truth wherever precedent will admit it, " by holding objections to apply rather to the credit than the com-"petency of the witnesses." This rule, so uniformly adopted in England, was, upon mature consideration, adopted in this state, in the case of *Nichols* v. *Holgate*, 2 Aik. Rep. 138. The authority of that case, was afterwards indirectly questioned in the case of *Chandler* v. *Mason*, 2 Vt. 198. But we are unanimously of the opinion, upon this investigation of the subject, that the case of *Nichols* v. *Holgate*, was well considered and correctly decided, and that the principle of that case should not be departed from. For it was properly observed in that case, "that more evil is experi-" enced from shutting out testimony entitled to credit, than would " be prevented by seeking for new causes for its exclusion." This rule has now become the settled law in New York. 8 Cow. Rep. 673. 3 Wend. Rep. 416. In Conn., 1 Con. Rep. 260, 13 Con. Rep. 360. In N. Jersey, 2 Haz. 192. 2 Pen. Rep. 791. In 10 N. H. Rep. 180. Also in Maryland, Virginia, S. Carolina, Georgia, Tennessee, and some other states.

The doctrine of *Walton* v. *Shelby*, is, however, followed by the supreme court of the U. States, and by the courts of Massachusetts, Maine, Pennsylvania, and Ohio. The practical effect of that doctrine, has, however, led to that modification of the principle that it is now regarded as a mere rule of commercial law, intended for the security of trade, and restricted to negotiable instruments. 11 Peters Rep. 95. 9 Met. Rep. 471. 4 W. & Sergt. 128. 3 How. Rep. 73. In all other cases, and in other instruments, the rule as settled in *Jordaine* v. *Lashbrook*, has its application.

And in the case of mercantile paper, the courts adopting the rule of *Walton* v. *Shelby*, have limited its application, by requiring that the instrument be actually negotiated, and under circumstances freeing it from antecedent equities. When, therefore, a note is endorsed after it reaches maturity, the endorser, payee, or maker, is a competent witness, on the ground of policy, and can not be shut out, except on the ground of interest. 11 Pick. Rep. 417. 2 Met. Rep. 289. 18 Ohio 579. 4 S. & Rawle 399. 2 Smith's Lead. Cas. 127.

In the application of these principles to this case, it will at once be perceived, that the part of this deposition which was rejected, ought to have been received and read to the jury. It was clearly admissible upon the authority of the case of *Nichols* v. *Holgate*, and as this note was transferred nearly two years overdue, the testimony could not be excluded upon those authorities, adopting the principle held in *Walton* v. *Shelby*.

The court admitted the witness to testify to the payment of the note, and from which we learn, that when the note was given, an account existed in favor of the defendant against the payee, and that it was then understood that the amount was to be deducted from the note. This, with the sums paid on the note before it was transferred, was, as the witness testifies, more than sufficient to balance it. These facts being found, it becomes a question of law whether they constitute a legal defense. The court decided that this did not constitute a payment or defense, and rendered judgment for the plaintiff for the amount of the note. In this, also, we think there was error. In the case of *Walbridge* v. *Kibbee*, 20 Vt. 543, in a case very similar to the present, it was held, that the note was subject to any defense which grew out of the note transaction, or out of any agreement between the maker and the payee in relation to it before its transfer. In that case there was an agreement to apply the balance on book account, in payment of the note, and as the plaintiff purchased the note after it fell due, the agreement was held a good defense. The case seems to be decisive of the present action, and on both grounds we think the judgment of the county court must be reversed.