# CASES AT LAW AND IN CHANCERY

DETERMINED IN THE

# SUPREME COURT OF THE STATE OF COLORADO.

## JANUARY TERM, 1890.

### HAMILL v. FIRST NAT. BANK OF LAS VEGAS.

1. FRAUDULENT ASSIGNMENT OF PROMISSORY NOTE.— The assignee of a promissory note who pays no consideration therefor and participates in the fraudulent intent of his assignor is not entitled to the immunity of *bona fide* assignees for value, before due, of commercial paper.
2. SET OFF AGAINST A PARTNERSHIP DEMAND.— As a general rule, debts due from one member of a partnership cannot be set off in a suit to collect claims or accounts belonging to the firm.
3. SAME — EFFECT GIVEN TO AN AGREEMENT FOR SET-OFF.— But if it can be shown that all parties concerned, including members of the partnership, expressly or impliedly agree that a debt owing by one of the partners may be set off against a debt owing to the firm, or *vice versa*, effect will be given to the agreement.

*Appeal from County Court of Arapahoe County.*

THIS action was brought by appellee, as assignee and owner of a certain promissory note executed by appellant in favor of Huntington & Co., bankers, for $1,000, with interest at the rate of one and one-half per cent. per month until paid, payable "on demand, after date."

One division of the answer averred, among other things, that Huntington & Co., at the time said note was executed, occupied for its banking purposes a building belonging to appellant, though the lease to the premises was in the name of Joshua S. Reynolds, a member of the firm; that contemporaneously with the delivery of said note an agreement was entered into between Huntington & Co. and appellant, by which the rental of $100 per month was, from month to month 'as it accrued, to be credited upon the note; that sufficient rent became due, and is now due and unpaid, to entirely satisfy said note, with interest; that after the execution of the note, and the entering into of the agreement aforesaid, Reynolds, having removed from the state "for the purpose of avoiding the crediting of said rental against said note, made a nominal transfer of the same, without consideration, to the plaintiff."

Upon motion, this portion of the answer was stricken out, and such action of the court constitutes the principal error relied upon.

Mr. R. S. MORRISON, for appellant.

Mr. J. W. HORNER, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

The First National Bank, plaintiff below, was in no better position than its assignor, Huntington & Co., so far as defenses to the note were concerned; for if we assume that the note was transferred before maturity,— a proposition earnestly controverted by counsel for appellant,— yet the assignment was merely "nominal," "without consideration," and for the "purpose of avoiding the crediting of said rental against the note." No authorities need be cited to show that one asserting ownership under such circumstances is not entitled to the immunity of *bona fide* assignees who take commercial

paper before due and for valuable consideration. The *bona fides* and the consideration are both wanting.

The present discussion may therefore be confined to the following question: Could Hamill have defended against a suit upon the note by Huntington & Co., the original payee, by showing the agreement in relation to rent, and establishing the fact that the amount. of rent due and unpaid exceeded the principal and interest of the note?

The lease was in the name of Reynolds alone, while the note was payable to Huntington & Co.; but Reynolds was a member of this partnership, and the leased premises were used by the firm. They were necessary in carrying on its business. The firm, therefore, received the benefit of the lease the same as if it had been executed in the firm name. Under these circumstances, the agreement to credit rent upon the note was an ordinary and natural business transaction, of special advantage to the company. It can hardly be said that this agreement was not mutual, or that it was without consideration. It is quite possible that the company would not have loaned Hamill the money but for the security thus furnished.

Treating the fact that the firm enjoyed the benefit of the lease contract as unimportant, their liability in the present action sufficiently appears. As a general rule, debts due from one member of a partnership cannot be set off against debts or accounts belonging to the firm. But the application of this rule may be avoided by the conduct of the firm itself. "If it can be shown that all parties concerned have expressly or impliedly agreed that a debt owing by one of them only shall be set off against a debt owing to them all, or *vice versa*, effect will be given to that agreement." Lindl. Partn. *294, *661, and cases cited; *Pecker v. Sawyer*, 24 Vt. 459; *Hood v. Riley*, 15 N. J. Law, 127; *Clark v. Taylor*, 68 Ala. 453. See, also, *Eaves v. Henderson*, 17 Wend. 190, as to a subsequent account like the one for rent in this case.

We have not overlooked the rule of evidence relating to the extension of written contracts by contemporaneous oral agreements. It does not appear that the agreement in question was oral, and we are not at present called upon to affirm or deny the application of this rule. However, without intimating a conclusion upon the subject, we suggest that there are decisions in cases analogous in this respect to the one at bar, which seem to hold that the evidential rule in question is not controlling.

The portion of the answer under consideration stated a defense. If its averments were defective, the objection should have been taken by demurrer, and not by motion to strike. The judgment of the court below is reversed.

*Reversed.*