NEW-YORK,
May 1810.

JACKSON
v.
FROST and
HAFF.

———————

JACKSON, *ex dem.* MAPES, *against* FROST and HAFF.

THIS was an action of ejectment, for a farm in *Queens* county.

At the trial, the plaintiff gave in evidence, the exemplification of a record of a judgment, recovered in this court by *C.* and *W. Thorne*, against *John Barton* and *Thomas Carpenter*, for 920 dollars, which was signed the 5th *February*, 1806, but it did not otherwise appear prove, as well as to prove the fraud. The objection goes to his credit, not to his competency.

A grantor in a deed which is impeached as fraudulent, on being released by the grantee, from all claims and demands whatsoever on account of the covenants, &c. is a competent witness to dis-

that the same had been docketed, or at what time. The plaintiff also produced a *fieri facias*, and a *testatum fieri facias* on the same judgment, the latter directed to the sheriff of *Queens*, by virtue of which, the premises in question were sold, at public auction, by the sheriff on the 31st *December*, 1806, to the lessor of the plaintiff, as the highest bidder, for 400 dollars. The deed of the sheriff to the lessor, was dated the 22d *May*, 1807. *Frost*, the tenant, was in possession of the premises at the time the execution was levied, and when the deed was executed. He held under *Haff*, as his landlord.

Two witnesses testified that *Barton* was the reputed owner of the premises, and lived on the farm for several years, until he removed to *New-York*, about five years since ; and that *Frost*, after *Barton's* removal, held un-- der him.

The defendants produced, in evidence, a deed, from *Barton* to *Haff*, dated the 6th *December*, 1805, for the consideration of 4,000 dollars, expressed in the deed, which contained full covenants of warranty, with the usual covenants. This deed was acknowledged the 7th *December*, 1805, and recorded in the clerk's office, of *Queens* county, on the 30th day of the same month.

A person, at the request of *Haff*, attended at the place of the sheriff's sale, and before the sale, gave public no- tice to the sheriff and the persons present, of his claim and title to the premises, by virtue of the deed from *Bar- ton*, which he showed, and cautioned the bidders not to purchase.

It appeared that *Barton* and *Carpenter*, were partners in trade, in the city of *New-York*, and stopped payment in *May* or *June*, 1805. *Barton* told a witness, that he would not pay more than one half of any debt; and that he supposed the creditors would endeavour to take his property, but that he knew as much law as any of them, and would put his estate out of his hands, and would pay no debts unless *Carpenter* paid his half.

A number of witnesses were then examined, on both sides, to impeach the deed, as fraudulent, on the one hand, and to support it on the other; but it is not ne- cessary here to state their testimony, as the cause before the court, turned wholly on the admissibility of *Barton*, as a witness, who was offered by the defendants, but be- ing objected to, as incompetent, was rejected by the judge. Before *Barton* was offered, *Haff* executed a re- lease to him of all claims and demands whatsoever, for or on account of the covenants and warranty contained in the deed, and from all claims and demands whatso- ever by him, on account of the premises.

The judge charged the jury, that although fraud ought to be satisfactorily proved, yet positive proof was not in- dispensably necessary, but it might be inferred from cir- cumstances; and in the present case, the evidence pro- duced was, in his opinion, sufficient to warrant the jury in finding a verdict for the plaintiff. The jury, accordingly, found a verdict for the plaintiff.

A motion was now made to set aside the verdict, and for a new trial.

*P. W. Radcliff* and *S. Jones*, jun. for the defendants, contended, that *Barton* was a competent witness. To re- ject the witness, because he is *particeps criminis*, or con- cerned in the fraud, is begging the question, and taking it for granted that *Haff* was guilty of fraud. It is assu- ming the fraud, to make it a ground for rejecting a wit- ness who is called to show that there is no fraud. They contended that a *particeps criminis* was a *competent* wit- ness in any case, and for both parties; that the objection goes to his credit, and not to his competency. They cited 1 *Gilb. Law of Evidence*, by *Loft*, p. 220. *Esp. Dig.* 703. 725. *Sayer's Rep.* 289. *Cowp.* 199. *Gilb. Law of Ev.* 4th ed. 136. *Peake's Law of Ev.* 3d ed. 146. 1 *Day's Cases in Error*, 22. 1 *Term Rep.* 303. 3

NEW-YORK,     *Tyng's Mass. Rep.* 559.   1 *Esp. Cases*, 339.   4 *Burr.*
May, 1810.     2255.

*Per Curiam.*  The interest of *Barton* having been re-
leased before he was offered as a witness, his being im-
plicated in the fraud, went only to his *credit*, and not to
his competency.  He was a competent witness *to* dis-
prove as well as to prove the fraud.  On this ground,
we think a new trial ought to be granted, with costs to
abide the event of the suit.

New trial granted.