OPINION of the Court, by
Judge Logan.
Briggs declared against Yoder in assumpsit for money laid out a°d expended for his use and benefit at the instance and request of said defendant. Upon the plea of non assumpsit, the plaintiff offered in evidence a record dewing ^judgment had been rendered against one Ambrose and Yoder, and that Briggs having entered as security for Ambrose in a replevin bond, had been the
, . , several motions were made to the court upon the trial of the cause; or.e to exclude the evidence offered, as neither proving an express nor an implied assump-sit on the part of Yoder ; and another for the instructions of the court, that Yoder, who was proven to have been a security only for Ambrose in the original debt, was as such not liable to the present action. But the court overruled both motions ; permitted the evidence to go to the jury, and refused the instructions asked. To which the defendant below filed exceptions, and has brought the questions before this court.
The question for our determination is this: Will the law create an implied assumpsit against one who stands *229 •as surety only, in favor of a stranger who has paid the debt? We .are of opinion that it will not. Had Briggs advanced the money at the request of Ambrose, the principal obligor to the creditor before suit ; or if he had joined Ambrose in another bond for the payment of the money ia discharge of the first, given by Ambrose and Yoder, we can perceive no ground upon which to raise an implied assumpsit against Yoder, that he-would remain a security to him. And we can perceive no difference in principle between the two cases. The payment of the money after judgment, either before or after replevying at the instance of the principal, could create no assumpsit in law against a mere security.
The case of Elmendorph vs. Tappen, &c. decided by the supreme court of New York, ( 5 Johnson, 177) is strictly in point. That was a case where three partners became jointly bound with a fourth person as their surety ; and one of the partners having requested another person to pay the debt, who having accordingly paid it, brought assumpsit against all the obligors ; and it was held that the assumpsit did not extend to the security.
In 2 Vernon 608, it was held that a surety in the original bond, who had been sued and forced to pay the money, might recover from one who had entered himself bail to the principal on his being arrested. This, we think, will at least repel an implied assumpsit that the surety would pay one who afterwards makes himself liable for the debt.
The judgment must be reversed with costs, and remanded for a new trial.