*298 OPINION of the Court, by
judge Owsley.
— This Was a suit in chancery, brought in the court below by ^ie appellant against the appellee to obtain the specific execution of a contract for the purchase oí a lot in the toWn of Louisville.
T'he appellee by his answer denies selling the lot to the appellant, but admits his friend John Bell, some t\me previous to the year 1804, informed him by letter tIiat aPPe^ant wished to purchase the lot in question, and would give therefoy g 460 ; that upon the receipt of this intelligence he wrote to Bell, inclosing a bond, conditioned to make a title to the lot upon application, and on the production of Bell’s receipt for the purchase money ; and authorised Bell, if he could get l‘le moae>7 'n time t0 bring it with him to Virginia, to sell the lot and deliver the bond lor a title : that Bell accordingly on the receipt of the bond for a title informed tbe appellant thereof, and requested of him to know whether he was disposed then to purchase, and that the appellant, after advising with an attorney, declined the purchase, and promised to return to Bell the bond for a r , , , r, , . . , r , tule, which he had previously procured lor the purpose of obtaining advice ; but he all. ges the appellant, in vi-n 0¡ bis promise, failed to return the bond, and has I . , ' prosecuted this suit thereon.
On a final hearing the court below, consisting of two jut^Ses> being divided in opinion, the appellant’s bill was dismissed with costs.
We are of opinion the decree of the court dismissing bill is correct. The weight of evidence clearly and satisfactorily proves that the obligation upon which the *299 suit is brought was not delivered as the deed of the ap-pellee ; but that Bell, to whom the appellee transmitted the bond, delivered it to the appellant for the purpose of enabling him to obtain advice, and that after procuring the advice he refused to have any thing to do with the lot, and promised to return the bond. Upon proof of this description, we can have no doubt but the discretion of the court was properly exercised in refusing its aid. The statute of frauds has no application to the case : for although to make a contract obligatory in relation to land, it must be in writing, that statute does not make every writing for land binding; nor does it preclude the admission of parol evidence, such as was taken in this cause, to shew from die peculiar manner of obtaining the obligation, a court of equity should, not compel its execution.
if the court is equally divi, ded and never-thelefs a decree is encered» which decree is corredf, the «m-propriety in en. terieg a decree when the court were div'oed, ca-'fKic be af-figned for error*
Errors are to be sdigned in the body of the decree, not in the rearning of the court to form the decree.
We are also of opinion the circuit court decided correctly in not decreeing compensation to the appellant for the improvements made on the lot. Had he been a bona fide possessor when those improvements were made, -natural justice and equity would have concurred in requiring compensation to have been decreed. But /he is presented in a very different attitude before this court. He took possession of the lot, after refusing to purchase ; and after being forbid, made the improvements for which he now asks compensation. Under such circumstances to decree compensation would be highly improper, and sanctioned by no rule ef law or principle of equity.
There is no error in' the court not having decreed relief to the appellant for debts which he alleges are owing him by the appellee. Those demands are purely of a legal nature, and exclusively cognizable in a court of law.
To the objection made in argument, that the decree of the court below dismissing the bill, was improperly entered when the court was equally divided as to the appellant’s right, it need only be remarked, that the decree conforms to the equitable rights of the parties; and whether it was produced or not by an incorrect course of reasoning, is altogether unimportant and cannot affect its correctness or validity. — —Decree affirmed, &c,