Opinion of the Court.
THIS is an appeal from a judgment recovered by Dudley in an action of ejectment brought by him against Smith, in the Fayette circuit court. It ap *67 pears that a certain Philips, the original proprietor of a military survey, conveyed to two different persons, separate and adjoining parcels or lots thereof. Dudley, the plaintiff in the ejectment, derived title under the conveyance from Philips, of one of the lots ; and the defendant. Smith, claimed title through Philips' conveyance of the other lot; and this suit grew out of a contest between Dudley and Smith, about the true position of the line dividing the two lots.
Statement of the case.
Parol evidence of an agreement that the dividing line between two tracts of land should thereafter occupy a position different from what had been theretofore considered its true position, is inadmissible in an ejectment between the proprietors of the two tracts.
*67 Those lots appear to have been surveyed many years ago, and a marked line dividing them, was proved, on the trial, to have existed upwards of thirty years before the trial; and Ambrose Dudley, under whom the plaintiff (Dudley) claims, was also proved to have been in possession of the lot held by him, claiming title through Philips, to that marked division line, and continued the possession thereof until subsequent to 1810. It was also proved, that since 1810 Smith inclosed part of the land, of which Dudley was previously possessed, and which will fall within the lot of Dudley, according to the division line which was so proved to have been anciently marked ; but which will not be in the lot of Dudley, according to a division line which was run in 1810. The line which was thus run in 1810, was attempted to be established on the part of Smith, by the introduction of witnesses, and proving that it was run in accordance to a parol agreement between Smith and Ambrose Dudley, that the line so run should form the true division line between the lots claimed by each. The court, however, on the motion of Dudley, excluded the evidence from the jury, in relation to the parol agreement ; and the only question raised in this court, involves the correctness of the decision of the court, in excluding the evidence.
1. In responding to this question, it should not be forgotten, that the title claimed by the plaintiff, Dudley, was vested in Ambrose Dudley prior to the agreement of 1810, attempted to be proved by Smith. Ambrose Dudley had, before that time, received a deed from a person holding the title under Philips, to the lot of land now claimed by the plaintiff, Dudley ; and that lot appears to have been previously surveyed, and the division line between it and the lot owned by Smith, plainly marked. The title of Ambrose Dudley must, *68 therefore, be admitted to have been, in 1810, co extensive with the marked boundary of the lot; and consequently, the offer of Smith to prove an agreement fixing a different boundary in 1810, was an attempt to divest Dudley of the title to part of his land, without any writing to that effect ever having been executed; by him, and in direct hostility to the laws of this country in relation to the conveyance of lands and the making contracts for the sale thereof; for there is not only a statute of this country, declaring that no title to land shall pass from one to another, unless the conveyance be declared by writing, sealed and delivered, but there is also a statute which prohibits any action from being maintained upon any contract for the sale of lands, unless the contract, or some memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereto lawfully authorised.
1 Dig. 312.
1 Dig. 617.
In this case, the court do not decide what would have been the effect of an admission made at the time the agreement was entered into, that the ancient line was marked wrong, and that the true line was, and always had been, more favorable to the plaintiff in the ejectment, than the reputed line was.
2. Whether or not it would have been competent for Smith to have proved the true position of the division line first run, by introducing evidence of Dudley’s acknowledgment in 1810, is not necessary now to inquire ; for such was not the nature of the evidence offered by Smith; but it was attempted by him to prove a different line, not by introducing evidence of Dudley having admitted it to be the line previously run, but by proving that Dudley agreed that the line which was run in 1810, should thereafter be the true line of division; and evidence of such an agreement, we apprehend, was clearly inadmissible, and properly excluded by the court below.
The judgment must, therefore, be affirmed with costs.