Chief Justice Bibb
delivered the Opinion of the Court.
On the 1st of December, 1823, Hopkins and Boyd executed their writing, signed and sealed by each, promising to pay to Bolin Clark, on Saturday, next succeeding the date, the sum of two hundred dollars in Commonwealth’s paper; binding themselves, thereby, jointly and severally. This was assigned to Phinuel Clark, on the 13th of January, 1824.
On the 4th September, 1824, the assignee sued Boyd alone in covenant. The declaration sets forth the obligation as joint and several, and the assignment, on the 13th January, 1824; the breach assigned, is that the obligation was not paid, by either Boyd or Hopkins, on Saturday next succeeding the date to the assignor, nor before nor since that day; nor to the assignee by either, since the assignment.
The declaration alleges, that Boyd had notice of the assignment, but at what time is not averred'; there is no averment that Hopkins had notice.
The defendant Boyd, {who alone was sued,) pleaded:
1st. That Hopkins, (upon whom no notice of assignment is charged) paid and discharged the obligation to the assignor, before the defendant Boyd, had notice of the assignment.
2d. That Hopkins discharged it to the assignor, when Hopkins had no notice of the assignment.
3d. That Hopkins had no notice of the assignment, and an accord and satisfaction, between Plop-kins and the .assignor, by which Hopkins delivered, and the assignor accepted, a gelding, in full satisfaction of said obligation, and all damages.
4th. That before the defendant, Boyd, had notice of the assignment, said Hopkins delivered to the assignor, by agreement between them, a gelding, and *294 fen order on N. S. Dallam for $100, •which said assignor accepted in accord and satisfaction of said debt in the declaration mentioned-, and all the other debts, dues and demands.
.Demurrer to •pleas and judgment for plaintiff.
Additional pleas. — Practice.
Verdict and judgment for defendant.
To a declaration on the joint and several covenant of two against one, by an as-signee, aver-ing notice of the assignment to the defendant, only a plea of payment or accord and satisfaction, made by the other obligor before defendant had notice of the assignment, is good.
To these four pleas the plaintiff demurred, and the judgment upon the matters of law thereon, was given for the plaintiff.
The defendant, by leave of the court, without withdrawing his former pleas, or vacating the judgment on the demurrer, filed two other pleas, to which the plaintiff replied, after demurring to one of them, and the decision of the court against his demurrer, and issues were joined to the country.
Upon these issues, the defendant liad vérdict and judgment.
In the progress of the trial, the plaintiff took exceptions to the opinions of the court, in ruling questions of evidence. These exceptions, and the opinion of the court, in ruling the demurrer to the fifth plea, are now brought up by the plaintiff as causes for reversal.
The plaintiff demurred to the pleas of the defendant. To the first arid fourth pleas, there is no cause of demurrer. Both these pleas are sufficient, they meet the declaration, traverse the breach assigned, and negative any cause of action. No notice to Hopkins is directly averred. If notice to Boyd operates as notice to Hopkins also, it is a legal consequence, not charged as matter of fact distinctly. Whether notice to Boyd, was in law equivalent to notice to Hopkins also, (seeing this is not a mercantile instrument by partners, but a joint and several sealed instrument, sued by the plaintiff as a several obligation) need not be decided here.
.If notice to Boyd operates by implication of law, as notice to Hopkins also,' yet by traversing the notice to Boyd, as alleged in the declaration, the legal consequence of notice to Hopkins, is also denied. Notice to Boyd is the fact alleged. If from the truth of that fact, a legal consequence is deduced, by do- *295 ¡nying the truth of the fact, the legal consequence of the fact is also denied.
Denial of a fact from which a legal consequence is de- . ducod, is a sufficient denial of the consequence.
Where there is an errone, ous judgment for plaintiff, on his demurrer to a sufficient plea of defendant, there can be no error committed after-wards in sustaining other pleas, nor upon the trial, to the plaintiff's prejudice —His confession of defendant’s sufficient plea remaining in the record, is a bar to his complaint of subsequent errors.
Cñttenden, for appellant} Mayes, for appellee/
The defendant was, in due order of pleading, to traverse the matters of fact;,he was not bound to negative specially, or traverse matters of law; by avoiding the truth of the fact, he avoided all legal consequences, which depended upon the fret.
By pleading payment, and accord and satisfaction to the assignor, by Hopkins, before Boyd had notice of the assignment, he pleaded also, the discharge before Hopkins had notice. If notice to Hopkins, succeeded notice to Boyd, as a legal consequence, then payment, or accord, before notice to Boyd, necessarily preceded notice to Hopkins arising from notice to Boyd.
It is, therefore, unnecessary to examine the ques-, tions presented by the assignment of error. No decision on them can help the plaintiff. Upon th,e whole record, we are bound to give j qdgment against the plaintiff. By the demurrers to pleas first and fourth, the plaintiff has confessed, he has no cause of action. If we could reverse the judgment, and remand the cause, .then the plaintiff might obtain leave to withdraw his demurrers and reply. But we cannot reverse a judgment which is right upon the whole record, because the circuit court has arrived at the just conclusion by a wrong process of reasoning. This principle is settled by this court, in the cases of Joyes’ executors vs. Hanley, 3 Bibb, 228; Ormsby vs. Hunton, 3 Bibb, 299; Sanders vs. Johnson, 1 Bibb, 322; Elliott vs. Fowler, 1 Litt. 201; Morris vs. Barclay, 1 Litt. 66. If the plaintiff had succeeded, and judgment had been for him, we would have been bound to reverse it, at the suit of the defendant, Boyd.
It seems to the court, that upon the whole record, the judgment for the defendant is correct, and that there is no error to the prejudice of the plaintiff. It is, therefore, considered by the court, that the judgment be affirmed with costs.