### Administrator of Benjamin Seymour *vs.* Robert Beach and Martha Miller.

A letter of administration from a probate court signed by the register, or a certificate of administration attested by the register, is sufficient and proper evidence to show that the person named therein has been appointed administrator.

Where an officer levying an execution on land did not state in his return that the appraisers were resident *in the town* where the land was situated,—it was held that the levy was not thereby void, the officer having pursued a form which had been long followed and extensively practised upon.

In an action of ejectment, by one who claims under the levy of an execution, against one who holds under a deed from the execution debtor, made prior to the levy, such debtor cannot, by reason of interest, be a witness for the plaintiff to prove that the conveyance to the defendant was fraudulent.

But the plaintiff, though he sues as administrator of the levying creditor, may render the witness competent, by discharging him from any liability on the judgement, which might arise in case the plaintiff failed to recover.

And a witness under such circumstances is not disqualified, on the ground of public policy, from impeaching the validity of his conveyance.

This was *ejectment* for a house and lot, in the village of Hinesburgh. Plea, *not guilty*, and trial by jury. To support the issue on his part, the plaintiff offered in evidence a letter of administration issued from the office of the probate court in the district of Addison. The defendants objected to the admission of the same, because it was signed by the register only, and not by the judge of probate; and also because it did not appear to have been recorded. The court overruled the objection, and the paper was admitted. The plaintiff also offered a certificate of his appointment as administrator, signed by the register; to which defendants objected, as being improper and insufficient evidence of the fact; but the court overruled the objection, and the paper was admitted. The plaintiff, in order to prove title in his intestate,

CHITTENDEN offered in evidence the record of a levy of an execution, in favor
of the latter against one Lawrence, upon the premises in question,
made on the 30th day of May, A. D. 1820, which was as fol-
lows :

January,
1832.

Seymour's adm
vs.
Beach et al.

" CHITTENDEN, ss.     *Hinesburgh, May* 30, *A. D.* 1820.

Know all men by these presents, That I, John Norton, con-
stable of Hinesburgh, within and for the county of Chittenden, by
virtue of an execution within mentioned to me directed, having
first made demand of goods or chattels to satisfy the same, to-
gether with my fees, and none being shewn to me, or found within
my precinct, by direction of *Benjamin Seymour*, the creditor
within named, did, at Hinesburgh, in said county, on the 30th day
of May, of the year of our Lord one thousand eight hundred and
twenty, levy this writ of execution on a certain piece or parcel of
land, shown unto me by said *Seymour*, as the property of Harvey
H. Lawrence, the within named debtor, situate, lying and being
in Hinesburgh aforesaid, and bounded and described as follows ;
[Here the premises are particularly described.]   And afterwards
to wit, at Hinesburgh aforesaid, on the day and year last aforesaid,
I caused the same land, with the appurtenances, to be appraised
by William B. Marsh, Jedediah Boynton, and Mitchell Hinsdell,
good and lawful free-holders of the vicinity, chosen, appointed,
and sworn, as the law directs, who, on oath, have appraised the
same at three hundred dollars ; which, after deducting the legal
cost thereon arising, as stated in the bill hereunto annexed, leave
two hundred and ninety dollars and fifty seven cents, to apply on
this execution.   And on the same day and year last aforesaid, I
caused the said writ of execution, together with my return there-
on, to be recorded in the town clerk's office of Hinesburgh afore-
said, and also to be recorded in the office of the clerk of Addison
county court.   In witness whereof I have hereunto subscribed my
hand and affixed my seal, the year and day above mentioned.

*John Norton*, constable."

To this record the defendants objected.  1st. Because it did not
appear that the officer made any sufficient previous demand of
money, goods or chattels, to satisfy the execution.  2nd. Be-
cacse the manner in which the appraisers were appointed, did not
sufficiently appear, and because it did not appear that they were
resident *in the town* where the estate was situated.   These ob-
jections were overruled by the court, and the record of the levy
was admitted.  The defendants then offered to prove by parol
that the officer did not make any previous demand upon the debtor
of money, goods or chattels, to satisfy the execution ; but the evi-
dence was rejected by the court.   They also gave in evidence a
deed of the premises, from Lawrence, the judgement debtor, to the
defendant, *Beach*, dated September 10th, and recorded Septem-

ber 13th, 1818, previous to the levy or attachment in favor of the intestate. This conveyance was successfully impeached by the plaintiff by proving that the same was fraudulent as against the creditors of Lawrence, and that the intestate was then a creditor, for the same debt on which the judgement and execution aforesaid were founded. The witness to prove the fraud, was Lawrence himself, to whose competency the defendants objected ; but the objections were overruled by the court, and the witness was admitted. The defendants being proved to be in possession at the commencement of the action, the jury returned a verdict for the plaintiff, and judgement was rendered thereon. To the several decisions aforesaid the defendants excepted. Whereupon the cause was removed to this Court.

*Mr. Adams, for the defendants.*—1st. Harvey H. Lawrence was improperly admitted to testify as a witness in the cause. He was directly interested. He was in effect paying a debt to the amount of the levy by his own evidence. If he could avoid the previous deed, then Lawrence's debt was paid. If he could not, then *Seymour* would be entitled to his alias execution.—*Bland* vs. *Ansley*, 2 *New Rep.* 331. It is against the policy of the law to allow any one to impeach his deeds. The interest of parties would be in the utmost jeopardy if after having executed a deed the maker could impeach it. The acknowledgement of a deed is matter of record, and the party ought not to be allowed to contradict it.

2nd. The proof of plaintiff's authority, as administrator, was not sufficiently made out. Plaintiff's authority in this case was matter of title, and the power under which he acted should have been shown. It is like the case of a conveyance to the party when the original must be shown. In other cases secondary evidence may be admitted ; but here the original was necessary.

3rd. The levy of the execution was void. *Firstly.* It does not appear that the officer made any demand of the debtor of the damages and cost in the execution. The statute is imperative, that such demand shall be made, and it is only on the refusal of the debtor to pay, that his property can be taken. *Secondly.* It does not appear that the officer made any application to the debtor to appoint appraisers. The law gives to debtors as a high privilege, the right to appoint, at least, one of the appraisers, and it can never be taken from him. It was so ruled in the case of *Stanton* vs. *Bannister*, 2 *Vt. Rep.* 464. *Thirdly.* It does not appear by

CHITTENDEN,. *January,* 1832.

Seymour's adm *vs.* Beach et al..

CHITTENDEN
January,
1832.
Seymour's adm
vs.
Beach et al.
the officer's return, in what manner the appraisers were appointed or sworn. In legal proceedings which divest persons of their property, it is necessary that the utmost provisions of the law are complied with. It is not sufficient for the officer to assert that he has proceeded legally : he is to set forth in detail what he has done, and the court will determine upon its legality. Nothing can be presumed. Nothing can be taken by intendment. Plaintiff must show a strict compliance with all legal requisites. Whatever is required of the officer must appear substantially in his return ; otherwise his proceeding is irregular. *Fourthly.* It does not ap- pear that the appraisers were free-holders of the *same town.* The law requires not only that they must be of the vicinity, but also *of the town.* This is another of the requisites that the statute makes essential. The officer does not give their residence, and the Court cannot presume it.

*Thompson and Sawyer, for plaintiff.*—1. The character in which the plaintiff sues is admitted by the plea. Where an executor or administrator brings an action in his representative capacity, he makes profert of the letter of administration ; and if the defendant means to dispute his right to sue in the representative character which he assumes, he must do so by plea in abatement, and can- not make the objection under the plea of the general issue,or any oth- er plea in bar. Such plea puts in issue the cause of action merely, and not the character in which the plaintiff sues.—7 *Mod. Rep.* 141 ; 1 *Saund.* 275. *no.* 3 ; 1 *Salk.* 285 ; 2 *Ld. Raymond,* 824 ; 8 *East's Rep.* 187 ; 2 *Esp. N. P. C.* 564. And there- fore the introduction of the evidence objected to, was unnecessary, and the inquiry about its admissibility superfluous.

2. But if pleading the general issue, be not an admission of the character in which the plaintiff sues, the letter of administration is sufficiently proved. The administrator is appointed by the probate court ; but the signature of the register is the proper evidence of such appointment. He is made the certifying officer of the probate court, and his powers, and duties are identical with those of a clerk of the county or Supreme Court. And the certificate given in evidence is expressly made evidence by the statute, *p.* 333.

3. The levy, except in one immaterial particular, corresponds with the form given in the appendix to *Nath. Chipman's Rep. p.* 264, a form which has been pursued and sustained in this state nearly forty years. Some decisions made in Massachusetts and

New-Hampshire, in regard to the levy of executions, require the CHITTENDEN
officer to state every step taken specifically, and hold that no gen- January, 1832.
eral expressions can dispense with such specific statement. Seymour's adm
Those decisions are not binding here : it would be asking quite vs.
too much of this Court, to defer implicitly to their authority in Beach et al.
regard to the requisitions of a statute of our own.   Possibly, the
superior wisdom and learning of the present day—were the valid-
ity of this levy an original question—might reject principles which
were established by *Judge Chipman*, and which have been ac-
quiesced in by our courts and most eminent jurists for so long a
period.   But the long continued acquiescence in this mode of
levying executions proves that no practical inconvenience has re-
sulted from it.   On the other hand, to hold the levy in the pres-
ent case invalid, would endanger every title in the state similarly
situated, disturb immense interests, and produce consequences of
a magnitude that no man can anticipate, though *any* man can see
that they would be of a most disastrous character.   To restore
symmetry in the law,and harmony with the decisions in other states,
would be benefits too slight and unsubstantial to justify the Court in
disturbing the settled law of the land on this subject. And,therefore,
it is conceived that the validity of this levy is no longer a *questio
vexata*.   The levy states that the officer demanded  " goods and
chattels," instead of  " money, goods and chattels."   As *Chip-
man's* form did not require any demand to be stated, a defective
statement of it is immaterial.

    4. The witness, Lawrence, was properly admitted to prove his
sale to Beach fraudulent, against his creditors.   The authority
of *Walton* vs. *Shelly*, 1 *Term Rep.* 300, has been repeatedly
overruled by the English courts and expressly denied in this
state.—*Nichols* vs. *Holgate et al. 2 Aik.* 140.

WILLIAMS, J., delivered the opinion of the Court.—The ob-
jections taken  at the trial to the  evidence offered to  prove that
the plaintiff was administrator, were manifestly groundless.   The
letter of administration  from the probate court signed  by the re-
gister,  or the certificate of administration attested by the register,
were either of them sufficient and proper evidence for that pur-
pose.   The first section of the probate act makes the certificate of
administration, attested by the register, legal evidence, and as ef-
fectual as the letter of administration made out in due form.
Moreover, it was decided in  the case of  *Clapp* vs. *Beardsley*, 1
*Vt. Rep.* 151, that under the general issue, the defendant cannot

CHITTENDEN deny the representative character of a plaintiff who sues as admin-
*January,*
1832.    istrator.

Seymour's adm    The objections also which were taken to the levy of the execu-
*vs.*
Beach et al.   tion were properly overruled. The levy appears to be in the
form given by Judge CHIPMAN in his reports, published in 1793,
which has been generally adopted by officers in this state in ma-
king their returns of levies of executions on real estate; and although
it has frequently been intimated, that if it was a form recently
adopted, it might not stand a strict scrutiny, yet it has always
been decided to be good, both in the courts of our own state, and
in the circuit court of the United States. It cannot now be over-
turned without disturbing the title of much real estate, holden un-
der levies made in this form. The statute in relation to levying
executions on real estate, which was in force when that form was
published, is essentially the same as the one now in operation, and
in the particular, where it is said, this levy is defective, viz, in not
specifying that the appraisers were of the vicinity *in the town*
where the estate levied on was situate, the direction of the statutes
were precisely the same then as now. As, however, it is an ac-
knowledged principle, repeatedly recognized by the decisions of
courts, that to divest the title of a debtor in his real estate, and
vest it in his creditor by the levy of an execution, the officer who
makes the levy must, in his return, specifically set forth a sub-
stantial compliance with all the requisites of the statute, it is evi-
dently unsafe to rely any longer on this form ; but those forms of
return should be adopted which set forth a compliance with the
requirements of the statute in every essential particular.

Another question arises in this case, whether Harvey H. Law-
rence was properly admitted as a witness in behalf of the plaintiff.
It has been contended by the defendant, that he was directly in in-
terest in the event of this suit, and that it was against the policy of
the law to admit any one to impeach his own deed.

On the ground of interest, we think the witness offered ought
to have been rejected ; and on that account a new trial must be
granted.

The plaintiff on the trial was seeking to recover the title and
possession of a piece of land which he had taken on an execution
to satisfy a debt due to him from the witness. If he failed to re-
cover, and obtain satisfaction of his execution by the levy on the
land in question, he could resort to a *scire facias*, and obtain an ex-
ecution for the debt against the witness. It is apparent, that the
witness was directly interested to have the plaintiff recover in this

suit; and thus have his debt against the witness satisfied. If the CHITTENDEN land in reality belonged to the defendant, it was clearly for the January, 1832. advantage of the witness to have the plaintiff obtain a satisfaction Seymour's adm vs. Beach et al. of his debt from that land.

It has been urged, however, that as the defendant claimed the land by a deed of warranty from the witness, the witness was indifferent, as between the plaintiff and defendant, and that his interest was balanced. This depends upon the consideration, whether the witness can be made liable to the defendant on his covenant of warranty, if the plaintiff recover in this suit. It is very clear, that if the witness is subject to an action on the covenant it will be on the ground alone that the defendant is evicted from the premises, and not from the fact that a recovery was had against the defendant on the testimony of the witness, as has been contended. It cannot be alleged as a breach of his covenant, nor can it be given in evidence in any action thereon, that the witness testified in the trial of an action of ejectment, in which the validity of his deed was questioned.

I think, however, that the witness cannot be made liable on the covenants contained in his deed to the defendant, in consequence either of the levy of the execution of the plaintiff, or of the plaintiff's recovering in this action, if he should eventually recover, even though such recovery should be had on the testimony of the witness. At the time of this conveyance, the witness was the lawful owner of the land in question; and had a good title to the same, which he could lawfully convey to any one, who did not unite with him in an attempt to defraud his creditors. The witness, therefore, could not have been subjected to an action at the suit of the defendant, if the plaintiff should succeed in recovering in this case, by proving that the defendant's deed from the witness was fraudulent.

The authorities clearly show that in an action brought by the owner to recover damages for taking property in execution as the property of another, the debtor in the execution, for whose debt the property was levied on, is a competent witness for the claimant, although he may claim by a sale from the witness; but is not a witness for the defendant in such action, whether he is the creditor in the execution, or the sheriff who levied the same. The case of *Giddings* vs. *Canfield*, 4 *Con*. 482, may be referred to as establishing the former position, and the case of *Bland* vs. *Ansley*, 2 *New Rep*. 331, the latter.

The witness was directly interested in favor of the plaintiff, as

Chittenden,
January,
1832.

Seymour's adm
vs.
Beach et al.he would be immediately liable in case the plaintiff failed to recover. This was not balanced by any liability which he could be under to the defendant, as the defendant had no claim against him on the covenants of his deed, although the plaintiff should successfully impeach it on the ground of fraud between defendant and the witness, Without adverting to the other ground taken by the defendant's counsel, we are of opinion that the witness was improperly admitted to testify on behalf of the plaintiff, and

There must be a new trial.

This cause was again tried at the county court in Chittenden county, March term, 1831, WILLIAMS, J. presiding. The same question in relation to the right of the plaintiff to sue, and his title under the levy, was again raised and decided in favor of the plaintiff. Harvey H. Lawrence was again offered as a witness to show the deed to have been executed without consideration, having been discharged from his interest in the suit by the plaintiff. The release from the plaintiff, by which his interest was discharged, was admitted to be in every respect regular, if the plaintiff had any authority to execute such a one, as would render the witness competent.

The defendants objected to the admission of the witness, contending that the plaintiff as administrator could not discharge the witness; but that he would still remain liable to the heirs of the intestate; and further, that it was against public policy to permit a witness to impeach his own deed on the ground of fraud, or a want of consideration. The objections were overruled, and the witness admitted. Exceptions were taken to the decision of the county court; and a verdict having been rendered for the plaintiff, the cause again came before the Supreme Court in Chittenden county, January term, 1832, for a hearing upon the exceptions, and was argued by *Mr. Adams*, for the defendants, and by *Messrs. Bailey and Marsh*, for the plaintiff.

WILLIAMS J., delivered the opinion of the Court.—The questions as to the letter of administration, and the certificate of the register of probate, to show the right of the plaintiff to sue, and also the validity of the levy of the execution, under which he claims title, were considered and decided at the last term of this Court. It was also decided at the same term, that Lawrence was not a competent witness for the plaintiff, as he was debtor to him; and the effect of his testimony would be to pay his own debt with

CHITTENDEN,
*January,*
1832.

Seymour's adm·
*vs.*
Beach et al.

the property of the defendant; and the interest arising from this, was not counterbalanced by any liability which he was under to the defendant, in consequence of his deed to him.

This decision was made solely on the ground that the witness was interested in the event of the suit, without adverting to the question which has been raised on this argument.

It is not contended but that the release was properly executed, and that if an administrator can discharge the interest of a witness, in a case similar to the one under consideration, this witness was discharged from his interest.

The only liability which the witness was under was this; that if the execution was not satisfied by the levy, he would be subject to another execution for the amount unsatisfied by the levy. To obtain this, a *scire facias* must be brought by the personal representatives of the deceased, who have the control of all the personal assets including all debts due. The administrator, therefore, was the only person who could discharge the witness from the debt due to the estate. A discharge from the heirs would have been wholly ineffectual. The release from the plaintiff was amply sufficient to discharge the debt, and to extinguish any interest which Lawrence had in the present suit. Considering that the witness was discharged from any interest in the event of the suit, the only question remaining is, whether there is any rule of law founded on considerations of public policy which should exclude this, or any other witness, similarly situated, from testifying to the facts which he was called on to prove.

In general, all persons of sufficient discretion to know the obligation of an oath, of sufficient religious belief to feel its obligation, and who are not infamous, nor interested in the event of a suit, are admissible as competent witnesses.

This is the general rule, and there should be no departure from it, except in a case of evident necessity. If we resort to considerations of public policy in determining who shall, or shall not, be admitted as witnesses, it ought surely to be in a case where the propriety of it is so obvious and apparent, that the mind is irresistibly impressed with the necessity of such resort, to justify a departure from the known and established rule.

In the present case, we can see no reasons at all, arising either from propriety, or the interest of the public, which requires such a departure. So far as regards the witness, or the parties to a transaction like the one in controversy, the impropriety, and, I may add, the immorality, consists in their being parties to a fraud-

ulent transaction, and not in their disclosing it in a court of justice. And the public interest, if it has any claim, requires that the truth should at all times be disclosed, where any such transaction is the subject of enquiry in a court of justice.

There can be no ground for the distinction which has been urged, that the grantor may be a witness to support a deed, but not to defeat it. Indeed, if we were at liberty, judicially, to legislate on this subject, we should be more disposed to reject him, when called for the former purpose, than for the latter; as all experience shows that fraudulent grantors are much more disposed to shape their testimony to establish, rather than to defeat, a deed executed to defraud their creditors.

The dangers which have been suggested from thus admitting witnesses exist only in the imagination. They assume as their basis, that the grantor becomes dissatisfied with the grantee, and is disposed by perjury and fraud to defeat his title. Whereas, his disposition is usually the other way. But we cannot guard against attempts of this kind by any legislative or judicial determination. All persons are liable to be injured by perjury; but so well calculated is our manner of trial to elicit the truth, that the attempt to injure in this way is usually frustrated, and perjury and fraud are generally met by destroying the credit of the perjured witness, or by contradicting his testimony.

The authorities upon this subject are certainly very conclusive. In the case of *Title* vs. *Grevett*, 2 *Lord Ray*. 1008, it was decided, that a man who conveys land may be a witness to prove that he has no title. Although some doubts upon this question were expressed by *Judge Sewell*, in the case of *Storer* vs. *Batson*, (8 *Mass*. 441,) yet after argument and consideration it was decided by the Supreme Court of Massachusetts, in the case of *Loker* vs. *Haynes*, (11 *Mass*. 498,) that the grantor of a deed, not being interested in the event of the suit, is a competent witness to shew that the deed was fraudulent. A decision precisely similar was made by the Supreme Court of the state of New-York in the case of *Jackson ex dem. Mapes* vs. *Frost and Haff*, (6 *Johns*. 135.) And the case from 4 *Con*. 482, before referred to, is to the same effect.

The maxim from the civil law, that a witness cannot be permitted to allege his own turpitude, or to disprove an instrument to which he is a party or witness, has long ceased to be recognized, except in a particular case. It will be seen, that to adopt it to the extent contended for, would exclude the subscribing witness to a

will or deed, as well as the magistrate who takes the acknowl- edgement; and would effectually shut out all testimony, which would tend to elucidate the facts and circumstances attending the execution of the instrument. It is sufficient to say that such a rule has not and cannot be adopted. ·

We are aware of the decision in the case of *Walton* vs. *Shelly,* (1 *Term Rep.* 296,) which has been so much pressed and insisted upon in the argument of this case. It will be observed, however, that if the doctrine of that case was recognized, it only applies to the party to a particular kind of written instrument, viz. negotiable notes, and never has been extended further. Both in Massachusetts and New-York, where the law of that case has been fully adopted, it has not been considered as applicable to a case similar to the one under consideration ; but from the cases before referred to, decided in those states, it appears that in regard to deeds a rule different, and similar to the one we establish in this case, has been adopted.

Of the case of *Walton* vs. *Shelly* it may be remarked, that it was an anomaly in the law of evidence—short lived in England— not recognized in this state, but expressly rejected in the case of *Nichols* vs. *Holgate et al.* (2 *Aik.* 138.).

Whether the case of *Nichols* vs. *Holgate et al.* would now be overruled or recognized, or whether it ever will be, it is not for me to say. But I presume it will not be overruled until a case is presented which directly requires that it should be reviewed, and the court upon due deliberation should find the law to be otherwise than it was considered to be in that case. We are not now required to review or reverse that decision.

The judgement of the county court must be affirmed.