## SIMS v. KILLEN.

1. The grantor in a deed is a competent witness to impeach it for fraud, if he was not interested in some way to render him incompetent on that ground.

Writ of Error to the Circuit Court of Sumter.

TRESPASS to try titles to a certain tract of land. At the

63

trial, the plaintiff, Sims, made title to the land in controversy under a sheriff's deed, conveying to him the title of one Jacob Sims. The defendant made title under a deed of trust executed by said Sims to one Pettigrew, through a sale made by one Thomas, his successor in the execution of the trust. The plaintiff offered the deposition of said Sims, for the purpose of showing the deed executed by him was fraudulent. This deposition the court excluded, and the plaintiff excepted.

The exclusion of the deposition is now assigned as error.

GATES, for the plaintiff in error, insisted, that the grantor is not necessarily incompetent to impeach his own deed. If he has no interest to disqualify him, he should be admitted. [Manning v. Manning, 8 Ala. R. 138; Thompson v. Armstrong, 5 Ib. 383; Todd v. Stafford, 1 Stewart, 199; Jordaine v. Lashbrook, 7 Term, 601.]

SMITH, contra, cited Walton v. Shelly, 1 Term R.; Johnson v. Cunningham, 1 Ala. Rep. 249.

GOLDTHWAITE, J.—The rule declared in Walton v. Shelly, 1 Term R. 296, that a party giving a security is not a competent witness to afterwards impeach it, was overturned in England, upon great consideration, in the subsequent case of Jordaine v. Lashbrook, 7 Term, 601, and has never been considered the proper rule in this court, though in some of the States, and in the supreme court of the United States, it has been acted upon with reference to promissory notes and bills of exchange. The American cases are numerous which decide that the grantor in a deed is a competent witness to impeach it if not interested. [Hudson v. Hurlburt, 15 Pick. 433; Jackson v. Frost, 6 John. 135; Simmons v. Parsons, 1 Bailey, 62; 5 N. H. 181; Wright v. Nichols, 3 Bibb, 298; 12 N. H. 524.] Although there are some decisions adverse to these, and founded on Walton v. Shelly, the weight of authority is, that the witness is competent. The decision of this court in Johnson v. Cunningham, 1 Ala. R. 249, has nothing to do with the question here presented, and

what is said there refers itself to the case of a grantor intro-
duced to sustain the title.

Judgment reversed and cause remanded.