Warner *v.* Percy.

## CHARLOTTE D. WARNER *v.* JOHN PERCY.

Where land is conveyed by a deed with covenants of warranty, and a creditor of the grantor, claiming that the deed is fraudulent, causes an execution in his favor to be levied upon the land as the property of the grantor, the grantor is a competent witness for the grantee, to prove that the deed was not fraudulent, in an action of ejectment brought by the grantee against one who claims title under the levy.

And where the defendant, in such case, proves, that the grantor was indebted to the execution creditor, at the time the deed was executed, and claims, that the deed was executed with the fraudulent intent to avoid that debt, it is competent for the plaintiff to prove, that the grantor had at the same time claims to a considerable amount against the creditor, for property delivered and services rendered, notwithstanding no claim of offset was made by the grantor, at the time the creditor recovered his judgment against him. The judgment, being rendered subsequent to the execution of the deed, does not conclude the grantee as to the existence of any indebtedness to the creditor, or its amount, or the circumstances attending it.

Any testimony, in such case, which shows, that the grantor had, or supposed he had, at the time of the execution of the deed, claims against the creditor sufficient to meet the demand of the creditor against him, has a direct tendency to rebut the presumption of any fraudulent intent in the grantor to avoid the rights of that creditor.

EJECTMENT for land in Highgate. Plea, the general issue, and trial by jury, April Term, 1849,—ROYCE, Ch. J., presiding.

The plaintiff claimed title to the land by virtue of a deed to herself from Nathan Woodward, with covenants of warranty, executed February 28, 1842; and the defendant claimed title to the same land under the levy of an execution in favor of L. E. Pelton against

Woodward, made in 1845, and a deed from Pelton to the defendant, executed February 3, 1847. The defendant gave evidence tending to prove, that the deed to the plaintiff was fraudulent, as to the creditors of Woodward, and that Pelton was a creditor of Woodward, at the time that deed was executed, for a large portion of the amount for which he subsequently obtained judgment and execution, and that Woodward, at the time of the conveyance, was indebted to various persons, other than Pelton, in sums varying from $10 to $30 each, and that after the conveyance Woodward remained in possession of the land, as he had been previously, and exercised the same acts of ownership in respect to it, and that the land conveyed constituted nearly all his attachable property, and that he had intimated, on one or two occasions, that he conveyed the land to the plaintiff to avoid the debt to Pelton. The plaintiff, to prove that the deed was not fraudulent, introduced Woodward as a witness,—to whose admission the defendant objected, but he was admitted by the court. The testimony of Woodward tended to prove, that he conveyed the land in question to the plaintiff in consideration of labor performed by her in his family, and that at the time of the execution of the deed to the plaintiff, he had claims against Pelton, to a considerable amount for property delivered and services rendered to him, and that Woodward acted as the agent of the plaintiff, and under her direction, in disposing of the products of the premises subsequent to the execution of the deed to her. It appeared, that in July, 1842, Pelton commenced an action upon book account against Woodward, who was then absent from the state, and recovered judgment against him without his having notice of the suit, and that in May, 1845, Pelton commenced an action upon that judgment, of which Woodward had notice, and recovered therein the judgment upon which the execution issued, which was levied upon the land.

The court charged the jury, that the evidence offered by the plaintiff to disprove the existence of Pelton's debt, or to show claims in favor of Woodward against him, was not admitted for the purpose of impeaching the validity of the last judgment recovered by Pelton, but to aid in determining whether Woodward intended to defraud Pelton in conveying the land to the plaintiff; that unless Woodward then supposed himself indebted to Pelton, upon a settlement of all their dealings, his motives could not be deemed fraudulent, as to

Pelton ; that, the deed to the plaintiff being prior to the judgment, the plaintiff would not be concluded by it from showing that Woodward was not in fact indebted to Pelton at the time she received the deed ; and that, from the whole evidence, the jury were to determine the character of the transaction between the plaintiff and Woodward, as having been in good faith, or fraudulent.

Verdict for plaintiff. Exceptions by defendant.

*L. E. Pelton* and *H. R. Beardsley*, for defendant, insisted, that Woodward was interested in the event of the suit, and was improperly admitted as a witness,—citing *Edgell* v. *Lowell*, 4 Vt. 405 ; *Loker* v. *Haynes*, 11 Mass. 498 ; *Jackson d. Mapes* v. *Frost et al.*, 6 Johns. 135 ; *Swift* v. *Dean*, Ib. 523 ;—that Woodward was improperly allowed to testify, that there was nothing due from him to Pelton, as this was in effect contradicting the record ;—that all the testimony, which tended to prove, that there was no indebtedness from Woodward to Pelton, at the time the deed was executed, was immaterial, and therefore improperly admitted, since, if the deed were fraudulent, it would make no difference, whether Pelton was a creditor at the time, or became so subsequently,—citing *Wadsworth* v. *Havens,* 3 Wend. 411 ; *Reade* v. *Livingston*, 3 Johns. Ch. R. 481 ; *Penfield* v. *Carpender*, 13 Johns. 350 ; *Squier* v. *Gould,* 14 Wend. 159 ; *F. & M. Bank* v. *Whinfield*, 24 Wend. 419.

*N. L. Whittemore* and *Stevens & Edson*, for plaintiff, insisted, that the grantor in a deed with covenants is a competent witness for the grantee, when the only defect in the title is claimed to be the fraud between the grantor and grantee, and cited *Edgell* v. *Lowell et al.*, 4 Vt. 405 ; *Loker* v. *Haynes*, 11 Mass. 498 ; *Worcester* v. *Eaton,* Ib. 375 ; *Bridges* v. *Eggleston*, 14 Ib. 250 ; *Hill* v. *Payson,* 3 Ib. 559 ; Cow. & H.'s Notes to Phil. Ev., Part 1, pp. 77, 80 ; *Adm'r of Seymour* v. *Beach et al.*, 4 Vt. 499.

The opinion of the court was delivered by

BENNETT, J.    This was an action of ejectment, and the plaintiff claimed title under a warrantee deed from N. Woodward, executed in February, 1842 ; and the defendant claimed title under a deed from L. E. Pelton, executed February 3, 1847 ; and Pelton's claim

of title was under Woodward, by means of a judgment and the levy of an execution, subsequent to the plaintiff's deed. The plaintiff called Woodward as a witness, and the first question is, whether he was a competent witness, when called by the plaintiff. The case of *Adm'r of Seymour* v. *Beach et al.,* 4 Vt. 498, establishes the position, that he would not have been competent, if called by the defendant. The witness would have had an interest in establishing Pelton's title under the levy, as he thereby satisfied his own debt. See *Bland* v. *Ansley,* 5 B. & P. 331; and, under the authority of *Adm'r of Seymour* v. *Beach et al.,* this interest would not have been balanced by reason of his covenants in the plaintiff's deed. It is held in that case, that the witness could not be subjected to an action on his covenants in his deed, notwithstanding the title under the levy prevailed over the title under the deed upon the ground of fraud. From that case it follows, that if the interest of the witness were not balanced in the present case, it was against the party calling him; and of course the witness was competent.

It seems, also, by the bill of exceptions, that the plaintiff, under objections from the defendant, was permitted to give evidence tending to prove, that, at the time of the conveyance by Woodward to the plaintiff, he (Woodward) had claims to a considerable amount, in the language of the exceptions, against Pelton for property delivered him and for services rendered him; and the question is now presented for our decision, whether such evidence was admissible, for the purposes for which it was received by the county court. It was an important point, on the part of the defence, to show the *motive,* which induced Woodward to execute the deed to the plaintiff. Was it done with the intention to defraud Pelton ? We agree with the county court, that if Woodward had, or supposed that he had, legal claims against Pelton, sufficient to meet whatever Pelton had against him, it has a decided tendency to rebut any presumption of a fraudulent intent in Woodward to avoid the rights of Pelton. The reason must be obvious. The mutual claims might be made the subject of a set-off, and by this means be mutually cancelled.

We also agree with the county court, that this was proper evidence on the question whether Woodward was really indebted to Pelton at the time when the plaintiff received her deed,—that is, in such a sense, that Woodward could by a fraudulent conveyance

avoid any substantial right of Pelton. The plaintiff is not concluded by the judgment against her grantor, especially as it is subsequent to her deed. As between Pelton and Woodward, the judgment is conclusive, so far as relates to Pelton's title under his levy; but, so far as the plaintiff is concerned, how far back the indebtedness extends and what was the relative state of the mutual claims of the parties to the judgment must be open to inquiry. We see no possible objection to any part of the charge of the court, so far as detailed. The charge gives Pelton the right to levy upon this property, provided the conveyance was made to the plaintiff in fraud of any of Woodward's creditors; and we think it as favorable to Pelton, as any one can claim it should have been.

The judgment of the county court is affirmed.