Robb, by his Guardian, v. Lefevre.

---

### ROBB, by his Guardian, *v.* LEFEVRE.

A grantor in a deed of real estate, with covenants of warranty, is not incompetent as a witness, by reason of interest, when called on the side opposed to his interest, or when his interest is balanced.

The rule relating to negotiable paper, in regard to invalidating the same by the testimony of a party whose name is affixed to the instrument, does not entend to deeds conveying real estate, but applies to negotiable paper also.

*Appeal from the Jackson District Court.*

SATURDAY, OCTOBER 30.

Bill in chancery in relation to the title of certain real estate. The facts of the case are as follows : Magdalena Robb, the widow of John Robb, and mother of the complainant, soon after the death of the said John, in 1852, invested six hundred dollars of his money, found in his

possession, in certain lands in Jackson county. She did not take out letters of administration, nor did any one. It is alleged that she purchased the land in fact, for the use and benefit of the petitioner, and the other children and heirs of the said John. She afterwards conveyed the land to Hypolite Lefevre and his wife, by a deed containing a general warranty. The wife of Lefevre is her daughter, and one of the heirs at law of John Robb. The widow, and other heirs, (three in all), as well as Lefevre, are made defendants, but the answer of no one except Lefevre, appears in the present transcript.

Lefevre denies that the purchase was made by her for the benefit of the said heirs, but avers it to have been for himself. He alleges that he borrowed the six hundred dollars from her, not knowing it to be the money of John Robb, but he now admits it to be so, and consents that it be made a charge on the land ; and he avers that the title was taken in her name, that she might hold it as security for the money loaned. The deed to Lefevre is for the expressed consideration of eight hundred dollars, to her paid by said Lefevre and Susannah, his wife. The complainant offered in evidence the deposition of Magdalena, the widow. Upon a motion to that effect, it was rejected by the court, upon the ground of interest, and that she is the grantor in the deed. The complainant appeals, and the only question presented is, whether the court below properly rejected the deposition.

*J. B. Booth*, for the appellant.

*D. F. Spurr*, for the appellee.

Woodward, J.—After some hesitation, and examination, we have come to the conclusion that the testimony was admissible. The first objection is that of interest, and this is supposed to arise in two ways. *First.* Upon her warranty. But, so far as this is concerned, she is called against her interest This would dictate a bias against the party calling her. The books hold that the grantor in a deed,

may be called on the side opposed to his interest, or when his interest is balanced. *Jackson* v. *Frost*, 6 Johns., 135 ; *Van Nuys* v. *Ferham*, 3 Johns. Ch., 82 ; *Hudson* v. *Hulbert*, 15 Pick., 423 ; *Twambly* v. *Henley*, 4 M. R., 441 ; *Roberts* v. *Whitney*, 16 Ib.,186 ; *Leighton* v. *Perkins*, 2 N. H., 427. *Secondly*. It is said that, by her testimony, she would restore an estate in which she would have an interest, either as dower, or as a distributive share. We pass the consideration of the question, whether she would hold these interests, because we conclude that, whatever benefit might accrue to her, directly or indirectly, from her testimony, is balanced by her liability on her warranty. No reason is perceived why these interests and liabilities do not counter-balance each other, as fully as those which are shown in the cases above referred to. On the score of interest, therefore, we do not think the witness incompetent.

Another reason alleged for her disqualification is, that she is the grantor in the deed. By this, we understand it to be urged, that the mere fact of being the grantor, is sufficient to disqualify, upon the ground that the grantor shall not be permitted to invalidate his deed. The idea here suggested is derived from a rule relating to negotiable paper, and the argument supposes it appropriate to perhaps all instruments to which the witness has set his name. But the rule is applicable to negotiable paper only, and is based upon considerations touching the nature and character of the paper, and is not extended to deeds of conveyance. *Hudson* v. *Hulbert*, 15 Pick., 423. The test is held to be that of interest, or whether the judgment will be evidence for the witness. Same case, and *Van Nuys* v. *Ferham*, 3 Johns. Ch., 82, and the other cases cited above.

It is the opinion of the court that the testimony should have been received. The judgment is, therefore, reversed, and the cause is remanded with directions to proceed therein.